537 P.2d 38

**The STATE of Arizona, Appellant,**

v.

**Robert J. GRANT and Thomas H. Leschinsky, Appellees.**

**No. 2 CA–CR 592.**

Court of Appeals of Arizona, Division 2.

June 30, 1975.

Rehearing Denied July 24, 1975.

Review Granted Oct. 7, 1975.

Dennis DeConcini, Pima County Atty. by Michael Edward Trauscht, Deputy County Atty., Tucson, for appellant.

Davis & Eppstein by Lars Pedersen, Tucson, for appellee Grant.

Thomas Meehan, Tucson, for appellee Leschinsky.

OPINION

HATHAWAY, Judge.

Appellees, former Tucson police officers, pled no contest on January 31, 1975, to attempted second-degree burglary. The case stemmed from their after-hours entrance into an area in the Tucson City Hall Annex where police department promotion examinations were located. The trial court placed both men on ninety-days probation and terminated probation the day of sentencing. On February 3 and February 6, appellees individually filed applications pursuant to A.R.S. § 13–1744 to have the pleas of no contest withdrawn and a plea of not guilty entered, and requested that the accusations be dismissed, and that they be released from all penalties and disabilities resulting from the offense. The applications, opposed by the State of Arizona, were granted on March 6.

The state challenges the court's ability to apply A.R.S. §§ 13–1741–1745 entitled "Restoration of Civil Rights" to misdemeanors. The challenge is well taken and we find that those statutory provisions do not apply to misdemeanor convictions.

Under § 13–1741, civil rights are defined as:

" . . . all the civil rights conferred on a person by the constitution and laws of this state and shall include the civil rights referred to in article 7, section 2 of the constitution of Arizona and § 13–1653 of this title."

The specific sections of state law to which the definition refers deal exclusively with those rights lost upon conviction of a felony.

The language of the following two sections under "Restoration of Civil Rights," § 13–1742 and § 13–1743, refers only to felons. The former refers to one whose civil rights were lost or suspended "by his felony conviction," and the latter to persons who have been "imprisoned."

Therefore, only § 13–1744 remains to sustain the power of the court to restore the rights "lost" by a misdemeanant. Rule 29, Arizona Rules of Criminal Procedure, 17 A.R.S., outlines the procedure to be followed in restoration of civil rights. The comment to the rule states that its purpose is to implement A.R.S. §§ 13–1741–1745. The comment to Rule 29.1 states: "This provision implements Ariz.Rev.Stat.Ann. § 13–1744 (Supp.1972). The rights of which a person is deprived upon conviction of a felony include . . ." It is apparent, then, that those statutory provisions were not meant to apply to misdemeanor defendants.

■ Appellees' argument that the trial court had the "inherent" power to grant the restoration order is not well taken. We would refer them to the language in State v. Superior Court, 39 Ariz. 242, 5 P.2d 192 (1931), in which the Arizona Supreme Court stated:

"The difference between the *jurisdiction* of courts and their inherent powers is an important one. Jurisdiction in governments like ours is conferred by the provisions of the Constitution and statutes enacted in pursuance thereof. That, however, is not true with respect to the inherent powers. These inherent powers may be defined as such powers as are necessary to the ordinary and efficient exercise of jurisdiction. Hale v. State, 55 Ohio St. 210, 45 N.E. 199, 60 Am.St. Rep. 691, 36 L.R.A. 254. These powers do not depend upon constitutional grant or in any sense upon the legislative will, and are undefined and probably undefinable as to their exact extent. For instance, the power to maintain order; to secure the attendance of witnesses; to enforce process; the arrangement for a proper place and conveniences for the meeting of the court—all these powers must inhere in every court, or the purpose of its creation fails, and such being the case, they need not be given expressly by the Constitution or statute, and cannot be taken away by the latter. There is, however, one important and indeed vital limitation on these powers. They must be such as are necessary for the ordinary and efficient exercise of jurisdiction, and therefore *exist only when the jurisdiction to maintain which they are necessary is first established.*

In considering, therefore, whether the court has the inherent power to do any particular thing, we must first ask: 'Has it jurisdiction over a certain matter or question?' If that be answered in the affirmative, then, and not until then, the second question may be asked: 'Is the power invoked necessary for the ordinary and efficient exercise of that jurisdiction?' " (Emphasis in original) 39 Ariz. at 247–248, 5 P.2d at 194.

Restoration of civil rights is a creature of statute and does not even approach those powers which are inherent in the court. Without legislative fiat, there is no jurisdiction to grant such applications as were granted herein. We have no choice but to reverse.

The orders are vacated and the trial court is directed to dismiss the applications filed by appellees.

HOWARD, C. J., and KRUCKER, J., concur.