544 P.2d 203

**STATE of Arizona ex rel. Joe R. PURCELL, Phoenix City Attorney, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA, the Honorable C. Kimball Rose, Judge thereof, and Ingrid DORENBECKER, Defendant and Real Party in Interest, Respondents.**

No. 12241.

Supreme Court of Arizona, In Banc.
Jan. 13, 1976.

**522**

Joe R. Purcell, Phoenix City Atty. by Gregory A. McCarthy, Asst. City Atty., Phoenix, for petitioner.

Ross P. Lee, Maricopa County Public Defender by Kenneth J. Murray, Deputy Public Defender, Phoenix, for respondent, real party in interest, Dorenbecker.

STRUCKMEYER, Vice Chief Justice.

The State of Arizona, ex rel. Joe R. Purcell, Phoenix City Attorney, brought this special action seeking relief from an order of the Superior Court of Maricopa County and The Honorable C. Kimball Rose, Judge thereof, in Superior Court Cause No. C–315187. We accepted jurisdiction pursuant to Article 6, § 5, Constitution of Arizona.

Respondent, real party in interest, Ingrid Dorenbecker, pled guilty to criminal trespass in the City Court of the City of Phoenix and was placed on probation for a period of six months. After completing her probation, Dorenbecker filed a motion in the Phoenix City Court for the withdrawal of her plea and dismissal of the criminal charge pursuant to A.R.S. § 13–1744. Her motion was denied by The Honorable James M. Smith, City of Phoenix Magistrate. Thereafter, Dorenbecker filed an action in the Superior Court seeking to require Judge Smith to establish procedures in the Phoenix City Court whereby successful misdemeanants could obtain relief under § 13–1744. Judge C. Kimball Rose issued an order granting the relief sought by respondent and by minute entry dated July 8, 1975, ordered the establishment of procedures in Phoenix City Court whereby successful probationers could obtain relief under the statute.

On June 30, 1975, the Court of Appeals, Division Two, in *State v. Grant,* 24 Ariz. App. 201, 537 P.2d 38, held that § 13–1744 refers only to felonies and has no application to misdemeanors. This Court accepted review and on October 9, 1975 adopted the opinion of the Court of Appeals, as reported in *State v. Grant,* 112 Ariz. 270, 540 P.2d 1251 (1975), as the opinion of this Court.

The Superior Court having plainly exceeded its jurisdiction in granting the relief prayed for by Dorenbecker, is permanently enjoined from enforcing its order of the 8th day of July 1975 in Maricopa County Superior Court Action C–315187.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.