557 P.2d 550

**Thomas H. LESCHINSKY, Appellant,**

v.

**The PUBLIC SAFETY PERSONNEL RETIREMENT SYSTEM and Mayor Lewis C. Murphy, Henry H. Borland, Jr., Thomas Keeley, Robin Thim and Schuyler Lininger, members, Appellees.**

**No. 2 CA–CIV 2168.**

Court of Appeals of Arizona, Division 2.

Nov. 18, 1976.

Thomas Meehan, Jeffrey H. Schwartz, Tucson, for appellant.

Healy & Larriva by F. Dale Healy Jr., Tucson, for appellees.

OPINION

HOWARD, Chief Judge.

Appellant, while a member of the Tucson Police Department, was convicted of attempted second degree burglary pursuant to his plea of nolo contendere. This led to his termination by the police department on October 15, 1974. He commenced an appeal to the Civil Service Commission of the City of Tucson which he subsequently abandoned. On May 13, 1975 appellant applied to the Police Public Safety Personnel

---

2. On the basis of the partial record before us, it appears the trial court correctly decided that res judicata applied.

Retirement System Board for a disability pension claiming that while employed by the City of Tucson, he incurred a severe aggravation of hypertension and severe emotional and psychiatric disturbance as a direct result of his employment. The Retirement Board refused to consider his application on the ground that it had no jurisdiction over persons who were not at the time of application members of the police department.

Appellant filed a special action in the Pima County Superior Court asking the court to either order the Board to grant him a hearing on his application, or grant him disability retirement. The trial court denied relief and this appeal followed.

Appellant contends (1) the Board acted arbitrarily, capriciously and without authority in rejecting his application on the ground that it lacked jurisdiction and (2) he had a vested right to a disability pension which the Board could not divest.

The facts show that appellant had been a policeman in the Tucson City Police Department continuously from March 9, 1960 until October 18, 1974, when his employment was terminated for misconduct. The events leading to his discharge are set forth in *State v. Grant*, 24 Ariz.App. 201, 537 P.2d 38 (1975), which opinion was adopted by our Supreme Court in 112 Ariz. 270, 540 P.2d 1251 (1975).

Appellant alleged in his application for disability benefits that in January of 1974 he sustained an aggravation of pre-existing hypertension and emotional disturbances which were service-connected and, but for this condition, he would not have been involved in the episode which led to his termination. These allegations were supported by the affidavits of a psychiatrist and medical doctor.

■ We are of the opinion that the Board did not have the power to grant appellant disability benefits. A.R.S. Sec. 38–844(B) sets forth the requirements for disability benefits. It states:

"A member shall be eligible for a permanent disability pension if his employment is terminated prior to his normal retirement date *by reason of* . . . accidental disability."[1] (Emphasis added)

As can be seen, to be eligible for a disability pension the employee must be terminated by reason of the disability. Appellant was not terminated because of any disability but because of misconduct.

Appellant has cited cases from other jurisdictions which stand for the proposition that an employee's right to disability payments becomes vested when the disability occurs and such right cannot be divested by subsequent misconduct. A perusal of these cases disclose that the decisions were based upon statutes substantially different from ours which gives no vested right to disability unless the employee is terminated because of disability.

■ Since appellant was terminated because of misconduct he is only entitled to the benefits provided by A.R.S. Sec. 38–846(A) which states:

"Upon termination of employment for any reason other than death or retirement, a member shall receive a lump sum payment equal to his accumulated contribution as of the date of termination."

Appellant's application to the Board is no more than a collateral attack on his termination. The powers of the Board are delineated in A.R.S. Sec. 38–847(D) and do not include the power to set aside the reasons for termination. The termination and the reasons for termination can only be attacked by an appeal to the civil service commission which appellant failed to pursue.

1. "Accidental disability" means a physical or mental condition which, in the judgment of the board, totally and presumably permanently prevents an employee from performing his regularly assigned duties and was incurred in the performance of his duty. A.R.S. Sec. 38–842(1).

Appellant's termination was for reasons other than death or retirement and the Board was bound by A.R.S. Sec. 38–846. It cannot ignore any eligibility requirement for benefits under the system. A.R.S. Sec. 38–847(E). The Board had no jurisdiction to consider appellant's application.

Affirmed.

HATHAWAY, J., and HAIRE, C. J., Division 1, concurring.