492 P.2d 1227

**The STATE of Arizona, Appellee,**

v.

**Ralph L. DZIGGEL, Appellant.**

**No. I CA–CR 330.**

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 27, 1972.

**290**

Gary K. Nelson, Atty. Gen., by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

Stark & Wood, by Rod Wood, Phoenix, for appellant.

JACOBSON, Judge.

The questions raised by this appeal are whether defendant was deprived of a preliminary hearing and whether the trial court committed reversible error by refusing the defendant's requested instruction on prior inconsistent statements.

The defendant was charged by information with two counts of rape in the second degree and one count of assault with the intent to commit rape. The information was based on a complaint filed by the defendant's 15-year-old foster daughter. The defendant was convicted, the imposition of sentence was suspended, and he was placed on probation for seven years.

Initially, the defendant contends that the legislature has no power to confer jurisdiction upon a justice of the peace to conduct a preliminary examination in a felony case. The thrust of his argument is that: Article 6, § 32 of the Arizona Constitution, A.R.S., limits the jurisdiction of justices of the peace to misdemeanors. Therefore, A.R.S. § 22–301, subsec. 5, which confers jurisdiction upon justice courts to conduct a preliminary examination in felony cases, is therefore unconstitutional being in conflict with the constitutional provision. The argument then continues that the defendant did not have a preliminary hearing within the meaning of § 30, Article 2 of the Constitution, and defendant's motion to quash the information should have been granted under Rules 79 and 169, subd. A(3) (a), Rules of Criminal Procedure, 17 A.R.S.

While Article 6, § 32, of the Arizona Constitution states that criminal jurisdiction of a justice court shall be limited to misdemeanors, Article 2, § 30, of the Constitution provides that preliminary examinations for felonies shall be conducted before a "magistrate".

Although the Constitution does not define "magistrate" the legislature by A.R.S. § 1–215, subsec. 11, has defined magistrate as including justices of the peace. See *Wilson v. Garrett*, 104 Ariz. 57, 448 P.2d 857 (1969).

We find no inconsistency between these constitutional provisions and the statutory definition of magistrate as including a justice of the peace. Article 2, § 30 permits a "magistrate" · (including justices of the peace) to conduct preliminary hearings in felony cases to determine, not guilt or innocence, but whether there is *probable cause* to believe a crime has been committed, and if there is *probable cause* to believe the defendant committed that crime. *State v. Schumacher*, 97 Ariz. 354, 400 P. 2d 584 (1965); *State v. Lenahan*, 12 Ariz. App. 446, 471 P.2d 748 (1970). On the other hand, Article 6, § 32 limiting the criminal jurisdiction of the justice court to

misdemeanor offenses, contemplates a determination before the justice of the peace of the guilt or innocence of the defendant. In other words, Article 6, § 32, deals with a final determination on the merits of the criminal action, which does not occur at a preliminary hearing. See A.R.S. § 22–301, subsec. 4. We therefore hold that Article 6, § 32, of the Arizona Constitution does not deprive a justice of the peace of jurisdiction to conduct a preliminary hearing involving a felony complaint as such a hearing does not result in a final determination of the criminal action on its merits.

■ Defendant next contends that he was denied due process of law because the justice of the peace was not an attorney. This precise question was disposed of in the case of Crouch v. Justice of Peace Court of Sixth Precinct, 7 Ariz.App. 460, 440 P.2d 1000 (1968). In *Crouch,* the Court said:

> "The fact that a Justice of the Peace is not an attorney does not mean that he is per se unqualified to declare the law in the limited type of situations over which he has jurisdiction. The fact that a judicial error may be made in a proceeding does not necessarily imply a denial of due process of law. The 14th Amendment to the United States Constitution does not assure immunity from judicial error. Beck v. Washington, 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962)." 7 Ariz.App. at 466, 440 P.2d at 1006.

Having found that the defendant had a preliminary examination within the meaning of Article 2, § 30, of the Arizona Constitution and one which complied with the concept of due process of law, we hold that the trial court properly denied the motion to quash the information.

Finally, the defendant contends that the trial court committed reversible error in denying his requested instruction regarding the complaining witness' prior inconsistent statements. The requested instruction is as follows:

> "Credibility of witnesses may be attacked by introducing evidence that on some other occasion *she made a statement or acted in a manner inconsistent with the testimony* in this case on a matter material to the issues. Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness." (Emphasis added.)

The trial court was of the opinion that MARJI Instruction No. 5 (credibility of witnesses) adequately covered the requested instruction. The given instruction is as follows:

> "You are the sole judges of the credibility of the witnesses and of the weight to be given to the testimony of each of them. In determining the weight to be given to the testimony of any witness, you may take into account his or her ability and opportunity to observe, his or her memory, his or her manner while testifying, any motive, interest, bias or prejudice he or she may have and the credibility of his or her testimony considered in the light of all the evidence in the case.
>
> "If you believe that any witness has willfully testified falsely to any material fact in this case, you have the right to disregard the testimony of such witness, except insofar as it may be supported by any other credible witnesses or evidence in the case."

To highlight the alleged prejudicial effect of the failure to give the defendant's instruction on prior inconsistent statements, it is appropriate to set forth defendant's theory of defense. The defendant alleges that the complaining witness had a motive for the charge she had made against him. Upon cross-examination of the complaining witness, counsel allegedly impeached her testimony by showing that she had made a prior inconsistent state-

ment, namely that she had told another person that she had fabricated the story about the defendant in order that she could move out of her foster home. Since the only evidence against the defendant was the testimony of the girl, it is defendant's theory that it was imperative to demonstrate to the jury how the prior inconsistent statement affected her credibility.

 Technically, it is our opinion that the trial court should have given an instruction which incorporated language relating to prior inconsistent statements.[1] However, we do not believe that the failure to do so constitutes an adequate ground for reversal. In order to reverse a case for error, the record must show that it was prejudicial to the substantial rights of the defendant. See Dykeman v. Ashton, 8 Ariz.App. 327, 446 P.2d 26 (1968).

From an examination of the record, we note that defense counsel devoted considerable time during the trial to the doubt cast on the credibility of the complaining witness and in particular her prior statement that the charge was a lie. The jury was adequately informed on this point and we are of the opinion that if the jury had believed that the complaining witness lied on the stand the defendant would have been acquitted under the instruction given.

Moreover, the instruction given by the court allowed counsel ample opportunity and leeway to argue to the jury the prior inconsistent statement of the complaining witness, touching on her credibility, and he took full advantage of that opportunity.

Under the totality of the circumstances here, the failure of the trial court to give defendant's requested instruction resulted in harmless error.

Judgment affirmed.

HAIRE, P. J., and EUBANK, J., concur.

---

1. The court notes that revised Maricopa County Jury Instruction No. 5 contains the essence of defendant's requested instruction: "In determining the weight to be given to the testimony of any witness, you may take into account . . . any inconsistent statements he may have made."