583 P.2d 1378

**STATE of Arizona, Appellee,**

v.

**Sylvester REED, Appellant.**

**No. 1 CA–CR 2630.**

Court of Appeals of Arizona, Division 1, Department A.

June 20, 1978.

Rehearing Denied July 31, 1978.

Review Denied Sept. 14, 1978.

Bruce E. Babbitt, former Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., and Crane McClennen Asst. Attys. Gen., Phoenix, for appellee.

Gregory R. Jordan, Phoenix, for appellant.

## OPINION

HAIRE, Presiding Judge.

In the trial court, appellant was sentenced to a term in the Arizona State Prison of not less than ten nor more than eleven years, based upon his conviction on a charge of possession of heroin in violation of A.R.S. § 36–1002, with a prior felony conviction. Facts pertinent to the several issues raised on appeal will be set forth in our discussion of each issue.

Appellant first contends that the trial judge erred in denying his motion to suppress certain evidence obtained pursuant to a search warrant. He urges that the search warrant was void because it was issued by a justice of the peace court which lacked jurisdiction because the premises to be searched were not located within the geo-graphical boundaries of the precinct from which the search warrant issued. The factual predicate for appellant's contention consists of testimony presented at a hearing on appellant's motion to suppress to the effect that the search warrant was issued on a Saturday afternoon at the home of Justice of the Peace Harold Lee, acting for East Phoenix Precinct No. 2 Justice Court, Maricopa County, Arizona. The search warrant authorized the search of a motel room located in South Phoenix Precinct, wherein the preliminary hearing was subsequently held.

■ In our opinion the jurisdiction of a justice of the peace court concerning the issuance of search warrants is not limited to the issuance of search warrants relating to premises located within the precinct boundaries. First, we note that the Arizona Constitution has no specific provisions relating to the jurisdiction of any Arizona court to issue a search warrant.[1] The constitutional provisions relating to the general jurisdiction of justice of the peace courts are found in Art. 6, § 32, and insofar as arguably pertinent to the question here raised, provide as follows:

"The jurisdiction, powers and duties of courts inferior to the superior court and of justice courts, and the terms of office of judges of such courts and justices of the peace shall be as provided by law.

\*　　\*　　\*　　\*　　\*　　\*

". . . Criminal jurisdiction shall be limited to misdemeanors."

The above-quoted constitutional provision limiting the criminal jurisdiction of justice of the peace courts to misdemeanors contemplates a trial proceeding before the justice of the peace in which a determination of the guilt or innocence of the defendant is involved. *State v. Dziggel*, 16 Ariz.App. 289, 492 P.2d 1227 (1972); *see also, State v. Superior Court*, 100 Ariz. 236, 413 P.2d 264, *modified on other grounds*, 100 Ariz. 362,

---

1. The only Arizona constitutional provision which we have found which relates in any way to the issuance of search warrants is found in Art. 2, § 8, as follows:

"No person shall be disturbed in his private affairs, or his home invaded, without authority of law."

414 P.2d 738 (1966). Since proceedings relating to the issuance of a search warrant do not involve any determination of guilt or innocence, that constitutional provision cannot be considered as limiting any search warrant jurisdiction which a justice of the peace court might otherwise have by reason of other provisions of law.

Turning to statutory provisions, A.R.S. § 13–1441 defines a search warrant as: "an order in writing issued in the name of the state of Arizona, signed by a *magistrate*, directed to a peace officer, commanding him to search for personal property or items described in § 13–1442." (Emphasis added).

Inasmuch as a justice of the peace is a magistrate, *see* A.R.S. § 1–215(13), there is direct statutory authority for the issuance of search warrants by a justice of the peace.

■ The provisions in the Arizona code relating to search warrants, including the above-quoted § 13–1441, are found in Title 13, Chapter 5, Article 2 (A.R.S. §§ 13–1441 *et seq.*). Prior to its amendment in 1971, § 13–1445, relating to the form of search warrants, by implication limited the geographical scope of the search warrant to premises located within the county in which the magistrate was sitting.[2] However it appears that the clear intent of a 1971 amendment was to give the issuing magistrate state-wide search warrant jurisdiction.[3] Therefore, unless there are other statutory provisions specifically limiting the

---

**2.** Prior to the 1971 amendment, § 13–1445 read as follows:

"13–1445. ISSUANCE; FORM OF WARRANT

"A. If the magistrate is thereupon satisfied that the grounds of the application exist, or that there is probable cause to believe that they exist, he shall issue and deliver a search warrant, signed by him with his name of office, to a peace officer *in his county*, commanding him to search the person or place named for the property or things specified, and to retain such property or thing in his custody subject to the order of the court as provided by section 13–1450.

"B. The warrant shall be in substantially the following form:

'County of _____, state of Arizona.

To any peace officer in the county of _____

Proof by affidavit having been this day made before me by (naming every person whose affidavit has been taken) there is probable cause for believing that (stating the grounds of the application) according to section 13–1442, you are therefore commanded in the day time (or in the night, as the case may be, according to section 13–1447), to make a search of (naming persons, buildings, premises or vehicles, describing each with reasonable particularity) for the following property or things: (describing such with reasonable particularity), and if you find such or any part thereof, to retain such in your custody subject to section 13–1450.

Given under my hand and dated this _____ day of _____, 19__ (judge, justice of the peace, or magistrate.)'" (Emphasis added).

1970 Ariz.Laws, Ch. 59, § 3.

**3.** After amendment in 1971, § 13–1445 provides:

"§ 13–1445. Issuance; form of warrant; duplicate original warrant

"A. If the magistrate is satisfied that probable cause for the issuance of the warrant exists, he shall issue a search warrant commanding a search by any peace officer of the person or place specified, for the items described.

"B. The warrant shall be in substantially the following form:

'County of _____, state of Arizona.

To any peace officer *in the state of Arizona*:

Proof by affidavit having been this day made before me by (naming every person whose affidavit has been taken) there is probable cause for believing that (stating the grounds of the application) according to § 13–1442, you are therefore commanded in the daytime (or in the night, as the case may be, according to § 13–1447), to make a search of (naming persons, buildings, premises or vehicles, describing each with reasonable particularity) for the following property or things: (describing such with reasonable particularity), and if you find such or any part thereof, to retain such in your custody subject to § 13–1450.

Given under my hand or direction and dated this _____ day of _____, 19__ (judge, justice of the peace, or magistrate.)'

"C. The magistrate may orally authorize a peace officer to sign the magistrate's name on a search warrant if the peace officer applying for the warrant is not in the actual physical presence of the magistrate. This warrant shall be called a duplicate original search warrant and shall be deemed a search warrant for the purposes of this chapter. In such cases, the magistrate shall cause to be made an original warrant and shall enter the exact time of issuance of the duplicate original warrant on the face of the original warrant. Upon the return of the duplicate original warrant, the magistrate shall cause the original warrant and the duplicate original warrant to be filed as provided for in § 13–1453." (Emphasis added).

jurisdiction of a justice of the peace when acting as a magistrate in the issuance of a search warrant, it would appear that he may issue a search warrant pertaining to premises located anywhere within the state.

Appellant urges that the provisions of A.R.S. § 22–301(5) limit the search warrant jurisdiction of a justice of the peace to precinct boundaries. A.R.S. § 22–301(5) provides:

"The justice of the peace courts shall have jurisdiction of the following offenses *committed within their respective precincts* in which such courts are established, subject only to the right to change of venue as provided by law:

\* \* \* \* \* \*

"5. Felonies, but only for the purpose of commencing action and conducting proceedings through preliminary examinations and to hold the defendant to answer to the superior court or to discharge the defendant if it appears that there is not probable cause to believe the defendant guilty of an offense." (Emphasis added).

■ We disagree with appellant's contention. First, it must be noted that by its terms subsection 5 does not purport to be applicable to the issuance of search warrants. Implicit in the holding of the Arizona Supreme Court in *State v. Superior Court,* 100 Ariz. 236, 413 P.2d 264 (1966), is the principle that the jurisdiction of justice of the peace courts is not limited to the matters set forth in § 22–301, but rather such jurisdiction may also be gleaned from other statutory provisions, such as the provisions of A.R.S. § 13–1441. As noted in *State v. Murry,* 102 Ariz. 184, 427 P.2d 135 (1967), subsection 5 of § 22–301 was enacted by the legislature in response to the Arizona Supreme Court's holding in *State v. Superior Court, supra,* that a justice of the peace court had county-wide jurisdiction for the purpose of issuing complaints and conducting preliminary hearings in felony prosecutions. While it *might* well be argued that from a policy standpoint the search warrant jurisdiction of a justice of the peace court should be similarly limited, the

simple answer is that the legislature did not address the search warrant question in subsection 5, and therefore we are left with the search warrant jurisdiction of a justice of the peace court unchanged from that which preexisted the enactment of subsection 5. As we have previously indicated, that preexisting jurisdiction was not limited to the geographical confines of the justice court's precinct boundaries. We therefore conclude that the fact that the search warrant here in question issued from the East Phoenix Precinct No. 2 Justice Court for the search of premises located in the South Phoenix Precinct, does not in any way impair its validity.

■ Defendant argues that, even if a valid search warrant could have issued from East Phoenix Precinct No. 2 relating to premises in the South Phoenix Precinct, there is another impediment which makes this search warrant void. Defendant points out that although the search warrant purportedly issued from the East Phoenix Precinct No. 2, it was not signed by a justice of the peace of the East Phoenix Precinct No. 2, but rather was signed by Justice of the Peace Harold Lee (of the Northeast Phoenix Precinct), purportedly acting for and on behalf of the justice of the East Phoenix Precinct No. 2.

A.R.S. § 22–114 A authorizes a justice of the peace to act for any other precinct in the county:

"in the absence, illness, inability to act or upon the request of the justice of the other precinct."

Under § 22–114 C, when the justice courts are located within the same city, the justice of one precinct may perform for and on behalf of a justice of another precinct without being physically present within the other precinct. Here, it is unquestioned that all of the precincts involved are located within the same county and within the city of Phoenix. Therefore, since Justice Harold Lee purported to act on behalf of a justice of another precinct (East Phoenix Precinct No. 2), the question is presented as to whether there was a showing that he did so:

"in the absence, illness, inability to act or upon the request of the justice of the other precinct."

In our opinion, while the evidence presented at the motion to suppress hearing was meager, it was sufficient to establish the absence of the justice of East Phoenix Precinct No. 2, thus furnishing an adequate statutory basis for the issuance of the search warrant by Justice of the Peace Lee, acting for and on behalf of the East Phoenix Precinct No. 2. The testimony established that the warrant was issued on a Saturday afternoon when the courts were closed. The police officer who secured the warrant testified that the established procedure was to telephone the justice of the precinct to see if he was home and available, and if so, to then go to that justice's home. Although there was no question asked nor answer given relating to a specific telephone call to the home of the justice of the East Phoenix Precinct No. 2, we believe that in the absence of contrary evidence, such can be inferred from the record presented.[4]

■ Defendant next contends that the imposition of an enhanced sentence upon him, pursuant to the provisions of A.R.S. §§ 13–1649 and 13–1650, the recidivist statutes, constitutes cruel and unusual punishment. First, he contends that the prior felony conviction, having occurred approximately ten years prior to the conviction here involved, was "stale" and thus should not have been considered. No authority by way of statutory language or case law is presented in support of this contention, and we therefore reject it. Likewise, we reject defendant's contention that the recidivist statutes provide punishment for defendant's status as a narcotics user. They do not. *See State v. O'Donnal*, 110 Ariz. 552, 521 P.2d 984 (1974); *State v. Starks*, 20 Ariz.App. 274, 512 P.2d 37 (1973). Nor are the recidivist statutes invalid as imposing additional punishment for a crime for which defendant has already been punished. The additional punishment is not for the crime previously committed, but rather is for committing the present offense *after* having committed a prior felony. *State v. Davis*, 108 Ariz. 335, 498 P.2d 202 (1972). Contrary to defendant's argument, we do not find the statutorily mandated minimum sentence here involved disproportionate to the offense committed. *See State v. Taylor*, 82 Ariz. 289, 312 P.2d 162 (1957).

In order to properly consider the next issue raised by defendant, additional procedural and factual details are necessary. Defendant was charged with possession of heroin for sale, with a prior felony conviction. After the denial of defendant's motion to suppress, the question of defendant's guilt or innocence was submitted for determination by the trial judge on the basis of the preliminary hearing transcript and the scientific analysis report (identifying the narcotic as heroin). The essential question in the submission was whether defendant would be convicted of possession for sale, with defendant's counsel in effect conceding that the evidence would support the lesser included offense of simple possession. Although there was substantial evidence which would have supported a conviction on the possession for sale charge, the trial judge subsequently found the defendant not guilty of possession for sale, but did find him guilty of simple possession.

■ Although under the foregoing circumstances it is clear that the submission was not tantamount to a guilty plea *to the crime charged*, defendant now urges that the submission was tantamount to a guilty plea *to the lesser included offense* of simple possession, and that therefore the trial

4. The meagerness of the record on this "issue" is understandable when consideration is given to the fact that this "issue" was not encompassed in any of the three contentions raised in the written motion to suppress filed by defendant. The issue was first raised in oral argument which was not heard until the day following the evidentiary hearing on the motion to suppress. Because of the result we reach, we find it unnecessary to rule upon the state's contention that because of his failure to properly raise the issue in accordance with Rules 16.1(b) and (c), and Rule 35.1, Rules of Criminal Procedure, 17 A.R.S., defendant waived his right to raise this issue.

judge erred in not advising him of the sentencing consequences relating to that lesser included offense.[5] In our opinion the adoption of defendant's contention would constitute an unwarranted extension of the principles set forth in *State v. Woods*, 114 Ariz. 385, 561 P.2d 306 (1977). Absent a record wherein it is readily apparent that the defendant could not possibly be convicted of the crime charged, and that the submission was made with the clear understanding, made known to the trial judge, that any conviction would be for a readily apparent lesser included offense, we hold that the trial court need only be concerned with the actual crime charged in making the determination as to whether the submission is tantamount to a guilty plea. If he determines that it is tantamount to a guilty plea to the crime charged, then he must advise the defendant of the sentencing consequences of the crime charged. There is no necessity that, in addition, he advise the defendant of the multitudinous sentencing consequences which might be incident to all possible lesser included crimes.

■ Finally, we reject defendant's contention that the recidivist provisions of A.R.S. §§ 13–1649 and 13–1650 are not applicable to narcotics convictions under § 36–1002 A. In *State v. Dodd*, 101 Ariz. 234, 418 P.2d 571 (1966) our Supreme Court applied § 13–1649 where the previous crime was a narcotics offense. There is nothing in the language of these statutes which would support a contrary result when the present crime is a narcotics offense. Nor do we find any constitutional infirmity in the fact that, after the application of the enhanced penalty provisions of § 13–1649, the potential sentencing consequences for a conviction of simple possession are identical to the sentencing consequences for possession of heroin for sale. This Court's opinion as to whether there should or should not be a differentiation in the allowable penalties upon application of the recidivist statute to different crimes is immaterial. Under our

system of government it is the responsibility of the legislature to define crimes and prescribe the allowable penalties. The judiciary should not interfere unless the prescribed penalties are found to be grossly disproportionate to the crimes involved or so severe as to shock the moral sense of the community. *State v. Espinosa*, 101 Ariz. 474, 421 P.2d 322 (1966). We find neither of these prerequisites here.

The judgment and sentence are affirmed.

FROEB, C. J., Division 1, and DONOFRIO, J., concur.

---

5. We note that the trial judge did advise the defendant of the sentencing consequences of the crime charged—possession of heroin for sale—although this was not required since the submission was not tantamount to a plea of guilty to the crime charged.