662 P.2d 1005

In the Matter of the Contravention of Search Warrants C–419847 and C–419848, Donald E. GREEHLING, Charlotte J. Greehling; Dun Ler Enterprises, Inc., d/b/a Ace Auto Parts, Petitioners-Appellants,

v.

STATE of Arizona, Respondent-Appellee.

No. 16139–PR.

Supreme Court of Arizona,
In Banc.

Nov. 9, 1982.

Thomas A. Thinnes, P.A. by Thomas A. Thinnes, Phoenix, Eleanor L. Miller, for petitioners-appellants.

Robert K. Corbin, Atty. Gen., by William J. Schafer III, Jessica Gifford, and Frank Dawley, Asst. Attys. Gen., Phoenix, for respondent-appellee.

CAMERON, Justice.

The petitioners' motion for return of property, filed pursuant to A.R.S. § 13–3922, was denied by the Maricopa County Superior Court. Their appeal to the Court of Appeals was dismissed for lack of jurisdiction. *In the Matter of the Contravention of Search Warrants v. State*, 135 Ariz. 524, 662 P.2d 1028 (1982). We have jurisdiction under A.R.S. § 12–120.24, and Rule 23, Arizona Rules of Civil Appellate Procedure, 17A A.R.S.

We granted the petition for review to determine only one issue and that is, may an adverse ruling in a proceeding brought under A.R.S. § 13–3922 be reviewed by direct civil appeal?

The facts necessary for a determination of this matter are as follows. On 9 September 1980, two search warrants were issued by the Honorable Rufus J. Coulter, Judge of the Superior Court of Maricopa County. The first warrant issued (Maricopa County Superior Court No. C–419848) was for the business premises of Ace Auto Parts in Mesa, Arizona. The second search warrant issued (Maricopa County Superior Court No. C–419847) was for a fenced lot located near Apache Junction, Arizona.

Pursuant to the issuance of the two warrants, officers searched two automobile

wrecking yards over a four-day period and seized a number of automobiles, numerous automobile parts, miscellaneous personalty, and various business records. On 3 October 1980, petitioners, who claim that the seized property has a value in excess of one million dollars, filed a "Motion for Return of Property" under A.R.S. § 13–3922, controverting the grounds on which the warrants were issued. This matter was docketed as a civil action and placed on the civil calendar. A.R.S. § 13–3922 provides:

> "If the grounds on which the warrant was issued are controverted, the magistrate shall proceed to take testimony relative thereto. The testimony given by each witness shall be reduced to writing and certified by the magistrate. If it appears that the property taken is not the same as that described in the warrant, or that probable cause does not exist for believing the items were subject to seizure, the magistrate shall cause the property to be restored to the person from whom it was taken, provided that the property is not such that its possession would constitute a criminal offense."

The trial court heard extensive arguments from counsel and denied petitioners' motion. Formal "judgment" was entered, and petitioners filed a timely notice of appeal and appeal briefs.

The Court of Appeals questioned its jurisdiction in the matter, and ordered the parties to file supplemental briefs on the issue of jurisdiction. The Court of Appeals subsequently concluded that there is no right to a direct appeal from an order denying relief sought under A.R.S. § 13–3922, and on 25 May 1982 dismissed the appeal with an opinion. We granted the petition for review of the decision and opinion of the Court of Appeals to consider the question of jurisdiction of the appeal.

At the time of the oral argument before the Court of Appeals, criminal charges had not been brought against petitioners. Criminal charges were brought at a later time, nearly two years after the warrants were executed.

The Court of Appeals, in its opinion, supra, held that the contravention of a search warrant pursuant to A.R.S. § 13–3922 was a criminal proceeding and that as such the petitioner was bound by the provisions of A.R.S. § 13–4033, which limits the right of a direct criminal appeal to certain circumstances not present in this case, and to criminal defendants which, at the time of the appeal, did not include petitioners. Any relief, according to the Court of Appeals, must be by special action, in which jurisdiction by an appellate court is discretionary, rather than by appeal, in which jurisdiction is mandatory.

Respondent and the Court of Appeals relied on California appellate decisions interpreting § 1237 and § 1540 of the California Penal Code, from which A.R.S. § 13–3922 is derived. In particular, the Court of Appeals found persuasive the reasoning of the California court in *People v. Gershenhorn*, 225 Cal.App.2d 122, 37 Cal.Rptr. 176 (1964). The *Gershenhorn* court held that the statutory motion under § 1540 was a *criminal* proceeding, and that review of an adverse determination in a § 1540 motion was by extraordinary writ (equivalent to our special action) and not by appeal. *People v. Gershenhorn*, supra, 225 Cal.App.2d at 125–26, 37 Cal.Rptr. at 178. We do not agree with the Court of Appeals or the California courts on this point.

We believe that a motion for return of property is civil in nature, and an appeal from an adverse ruling would be governed by the law of civil appeals. Admittedly, A.R.S. § 13–3922 is found in the criminal code portion of the Arizona Revised Statutes, but that does not mean that it must be criminal in nature. For example, the provision for the writ of habeas corpus is also found in the criminal code, A.R.S. § 13–4121, et seq., and habeas corpus has always been a civil action. *Powell v. State*, 19 Ariz.App. 377, 507 P.2d 989 (1973); *Oswald*

**500**

*v. Martin,* 70 Ariz. 392, 222 P.2d 632 (1950); *Eyman v. Cumbo,* 99 Ariz. 8, 405 P.2d 889 (1965). We believe that an action for restoration of seized property is civil in nature. This determination is consistent with the rights of those neither charged nor chargeable with a criminal offense to recover property that is seized under an invalid search warrant or improperly seized beyond the scope of a valid search warrant. For example, a good faith purchaser without notice, buying goods the state alleges to be stolen, could have his property seized pursuant to a search warrant. Though he is not a criminal defendant, he must have an effective remedy if the seizure is wrongful. There is no reason to believe the legislature intended that those wholly innocent of wrongdoing have lesser access to appellate review than those charged with crime.

The order denying the motion for return of property was a final judgment. A.R.S. § 12–2101. It was a judgment or decree disposing of the cause on the merits, leaving no question remaining for judicial determination. *Properties Investment Enterprises, Ltd. v. Foundation for Airborne Relief, Inc.,* 115 Ariz. 52, 563 P.2d 307 (App. 1977). It was a civil judgment and, as such, there was the right to a civil appeal to the Court of Appeals.

The decision and opinion of the Court of Appeals is vacated. Jurisdiction of the matter is retained by this court for determination on the merits. Oral arguments will be granted if requested by either party within 10 days of the issuance of the mandate herein.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.