682 P.2d 407

STATE of Arizona ex rel. Ralph T. MILSTEAD, Director, Arizona Department of Public Safety, Petitioner-Appellant,

v.

The Honorable John W. MELVIN, Justice of the Peace, East Phoenix # 2 Precinct Justice Court, Maricopa County, Arizona, Respondent-Appellee,

and

Leo Bice and Rick Sorrells, Real Parties in Interest-Appellees.

No. 16419.

Supreme Court of Arizona, En Banc.

May 3, 1984.

Lebowitz & Frondorf by Mack T. Jones, Phoenix, for petitioner-appellant.

Charles F. Hyder, Phoenix, for real parties in interest-appellees.

HOLOHAN, Chief Justice.

Appellant, the Director of the Arizona Department of Public Safety ("DPS"), challenged the jurisdiction of the respondent justice of the peace to determine a motion to controvert a search warrant issued in the investigation of a felony matter. In a special action proceeding the superior court upheld the power of justice courts to hear and decide such motions. Appellant sought appellate review by the Court of Appeals; the case was transferred to this court pursuant to Rule 19(e), Ariz.R.Civ.App.P., 17A A.R.S. (Supp.1982).

The facts are not in dispute, and they are that on January 30, 1981, search warrants were served upon Leo Bice and Rick Sorrells, real parties in interest-appellees ("appellees"), at their house trailers in Phoenix. The warrants authorized DPS to search each trailer for evidence that Sorrells and Bice were committing animal fighting, a class 6 felony. A.R.S. § 13–2910.01. Dur-

ing the search, DPS seized items and, pursuant to A.R.S. § 13–3916(D), photographed the items and the premises.

Appellees filed in justice court a motion to controvert search warrants and for return of property pursuant to A.R.S. § 13–3922. Justice of the Peace John Melvin held that the warrants were not supported by probable cause and ordered DPS to return the seized items. The order stated:

That all items seized pursuant to the warrants SW–81–0032NW and SW–81–0033NW are to be returned to the parties from whom the items were seized.

"All items seized" as used in this order includes:

1. The original items seized and any reproductions or pictures of the original items, or the complete or partial reproductions and by whatever means made, including but not limited to any mechanical, photographic, electronic, or manual means of reproducing or copying any summaries of information obtained from the items.

2. All pictures and all reproductions partial or complete, including negatives thereof, by whatever means from vantage points on the property, which vantage points were reached by entering the property pursuant to the warrants.

DPS returned all of the seized items except the photographs.

Appellant petitioned for special action in the superior court, challenging the justice court's power to order restoration of the photographs. The superior court held that "the property to be restored, pursuant to A.R.S. § 13–3922, means only those physical items in which the owners had a right to possession immediately prior to the execution of the warrant." The superior court, however, reserved judgment on whether the justice court had power to order destruction of the photographs.

Subsequently, Justice of the Peace Melvin indicated that he intended to order DPS to destroy the photographs. Appellant filed an amended petition for special action in the superior court, challenging the justice court's power to order destruction of the photographs. The superior court held that the justice court had power to order the destruction of the photographs taken by DPS during the execution of the search warrants.

The issues we decide are:

1. whether a justice court has subject matter jurisdiction to decide motions to controvert search warrants, when the underlying offense is a felony, and

2. whether a justice court has the power, pursuant to A.R.S. § 13–3922, to order DPS personnel to return or destroy photographs made during the execution of a search warrant.

### JUSTICE COURT JURISDICTION UNDER A.R.S. § 13–3922

■ Appellant contends that a justice court lacks subject matter jurisdiction to entertain motions to controvert search warrants issued in felony matters because the criminal jurisdiction of a justice court is limited to misdemeanors. *See* Ariz. Const. Art. 6, § 32; A.R.S. § 22–301. Maintaining that such motions produce the same practical effect as criminal motions to suppress, appellant argues that this court should treat motions to controvert search warrants issued in felony investigations as criminal matters to be decided exclusively by the superior court. In *Greehling v. State*, 135 Ariz. 498, 662 P.2d 1005 (1982), we held that a motion for return of property under A.R.S. § 13–3922 was civil in nature. Thus, the classification of the proceedings as civil has been resolved. However, the nature of the proceedings as civil does not resolve the issue of jurisdiction.

■ Subject matter jurisdiction means the power to hear and determine a general class of cases to which a particular proceeding belongs. *Estes v. Superior Court*, 137 Ariz. 515, 672 P.2d 180 (1983); *First National Bank & Trust Co. v. Pomona Mach. Co.*, 107 Ariz. 286, 486 P.2d 184 (1971). The jurisdiction of justice courts exists only to the extent conferred by the

state Constitution and statutes. Ariz. Const. Art. 6, § 32.

■ The statute allowing controversion of search warrants provides:

> If the grounds on which the warrant was issued are controverted, the *magistrate* shall proceed to take testimony relative thereto. The testimony given by each witness shall be reduced to writing and certified by the *magistrate.* If it appears that the property taken is not the same as that described in the warrant, or that probable cause does not exist for believing the items were subject to seizure, the *magistrate* shall cause the property to be restored to the person from whom it was taken, provided the property is not such that its possession would constitute a criminal offense.

A.R.S. § 13–3922 (emphasis added). The plain wording of A.R.S. § 13–3922 vests jurisdiction in the "magistrate" to take testimony if the grounds for issuing a search warrant are controverted and to return the property to the person from whom it was taken if the seizure was unlawful. "Magistrate," as defined by A.R.S. § 1–215(13), includes justices of the peace. Our constitution dictates that justice courts shall have jurisdiction only "as provided by law," Ariz. Const. Art. 6, § 32, and our legislature has provided such jurisdiction through A.R.S. § 13–3922. Clearly, A.R.S. § 13–3922 grants subject matter jurisdiction to justices of the peace as magistrates to consider motions to controvert search warrants.

■ The fact that this case involves controversion of a felony related search warrant does not alter our conclusion. A similar argument was advanced and rejected in connection with preliminary examinations by justice courts in felony cases in *State v. Dziggel,* 16 Ariz.App. 289, 492 P.2d 1227 (1972). In *Dziggel,* the defendant argued that the legislature could not confer subject matter jurisdiction upon the justice courts to conduct preliminary examinations in felony cases because our constitution limits the criminal jurisdiction of justice courts to misdemeanors. The defendant in *Dziggel* argued that A.R.S. § 22–301, which granted felony preliminary examination jurisdiction to justice courts, conflicted with the constitutional provision. The court of appeals rejected the argument by pointing out that jurisdiction to determine the presence of probable cause in felony cases, which the statute allowed, was different from jurisdiction to determine guilt or innocence in felony cases, which our constitution forbids. "In other words, Article 6, § 32, deals with a final determination on the merits of the criminal action, which does not occur at a preliminary hearing." *Id.,* 16 Ariz.App. at 291, 492 P.2d at 1229.

■ The *Dziggel* court's reasoning applies with equal force to A.R.S. § 13–3922. In the controversion context, the justice of the peace, as magistrate, only determines whether probable cause supported the search warrant, and if not, whether the seized items should be returned. Since proceedings concerning controversion of search warrants do not involve any determination of guilt or innocence, Article 6, § 32 cannot be considered as limiting controversion jurisdiction. *See State v. Reed,* 120 Ariz. 58, 583 P.2d 1378 (App.1978).

■ Next, appellant contends that A.R.S. § 13–3923 limits the power granted to magistrates in A.R.S. § 13–3922. A.R.S. § 13–3923 provides:

> The magistrate shall annex the affidavits, the search warrant and return, and the inventory, and if he does not have jurisdiction to inquire into the offense in respect to which the warrant was issued, he shall at once file the warrant, and return the affidavits and inventory to the court having jurisdiction to inquire into the offense.

This statute does not address motions to controvert. It merely administers a procedural objective, which is to insure that the proper papers are "transmitted" and "filed" in the court having jurisdiction to inquire into the underlying offense and finally determine guilt or innocence. We find no inconsistency between A.R.S. §§ 13–3922 and 13–3923. Under the statu-

tory scheme, a justice of the peace may hear a motion to controvert a felony related search warrant before filing and transmitting the proper papers to the superior court.

■ Finally, appellant argues that even if A.R.S. § 13–3922 grants jurisdiction to justice courts to hear motions to controvert felony related search warrants, this jurisdictional grant results in an unconstitutional encroachment upon the criminal jurisdiction of the superior court. Appellant relies on Article 6, § 32 of the Arizona Constitution, which provides in pertinent part:

> The jurisdiction, powers and duties of courts inferior to the superior courts and of justice courts, and the terms of office of judges of such courts and justices of the peace shall be as provided by law.... The civil jurisdiction of courts inferior to the superior court and of justice courts shall not exceed the sum of two thousand five hundred dollars, exclusive of interest and costs. Criminal jurisdiction shall be limited to misdemeanors. *The jurisdiction of such courts shall not encroach upon the jurisdiction of courts of record but may be made concurrent therewith, subject to the limitations provided in this section.*

(emphasis added). The encroachment occurs, appellant argues, because a motion to controvert is, for all practical purposes, the equivalent of a criminal motion to suppress filed in superior court. If a justice of the peace returns seized property pursuant to A.R.S. § 13–3922, he could frustrate pending felony prosecutions in the superior court by depriving the State of evidence needed for the criminal prosecution.

Appellant does not contest the power of a justice court to issue a search warrant, and we fail to see any encroachment upon the jurisdiction of the superior court by a justice court ruling on a motion to controvert a search warrant which was issued by that same justice court.

### REMEDIAL POWER OF JUSTICE COURT UNDER A.R.S. § 13–3922

■ Appellant contends that the justice court does not have power to order the restoration or destruction of photographs taken during the execution of an invalid search warrant because the justice court is a court of limited jurisdiction which lacks the discretionary authority or injunctive power to fashion a remedy not specifically authorized by A.R.S. § 13–3922. We agree with the appellant's position on this issue.

The justice court did not have the power to order restoration of the photographs to appellees. The power specifically granted to magistrates in A.R.S. § 13–3922 is the power to "cause the property to be restored to the person from whom it was taken." The photographs in the instant case were not "taken" from appellees. Rather, they were created during the execution of the search warrant pursuant to A.R.S. § 13–3916(D). The superior court was correct in ruling that the statutory language of A.R.S. § 13–3922 contemplates restoration of property in which the owners had a right to possession immediately prior to the execution of the warrant. Our controversion statute does not create a property interest where none existed before the unlawful seizure.

We also conclude that the justice court lacked the equitable authority to order destruction of the photographs. The specific statutory remedy provided by A.R.S. § 13–3922 is "restoration" of property; destruction of property is not authorized. By ordering DPS to destroy the photographs, the justice court essentially provided an equitable remedy in the form of a mandatory injunction. The power to issue injunctions is vested in the superior court and such power has not been conferred upon the justice court. A.R.S. § 12–1801. Rather, in the controversion context, restoration, i.e., returning possession of seized property, is the sole remedy in justice court under A.R.S. § 13–3922.

The judgment of the superior court is reversed and remanded with directions to enter judgment that the respondent justice court had no authority to order appellant to destroy or restore photographs taken during the execution of a search warrant.

GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.

**FELDMAN, Justice, dissenting.**

I dissent because I disagree with the last two paragraphs of the opinion. It is true that the specific legal remedy provided by statute is "restoration." The statement that the justice court therefore lacked equitable power to order destruction of the photographs is a non-sequitur; its effect is contrary to the legislative objective. The statutory authority is contained in A.R.S. 13–3922, which allows the justice court to order "restoration" in the form of a mandatory injunction. If the court has that legal power, it follows that it has equitable power to also order destruction or restoration of the improper photographs even though those were taken of rather than from the appellees.