48 P.3d 516

**STATE of Arizona, Appellant,**

v.

**Richard Bartlett JOACHIM, Appellee.**

**No. 1 CA–CR 01–0726.**

Court of Appeals of Arizona, Division 1, Department A.

June 27, 2002.

## OPINION

VOSS, Judge.

¶1 The State of Arizona appeals the trial court's order granting Richard Bartlett Joachim's motion in limine. The motion sought to use a magistrate's prior ruling granting Joachim's motion to controvert as a means to preclude the admission of evidence at trial. For the following reasons, we vacate the trial court's order.

### I. Procedural Background

¶2 During a police investigation, a justice of the peace issued a search warrant for Joachim's residence. Among other items, the warrant and accompanying affidavit described computer equipment allegedly used by Joachim to retrieve and store pornographic images of minors. After police seized the equipment, Joachim sought its return through a motion to controvert filed in the justice court pursuant to Arizona Revised Statutes ("A.R.S.") section 13–3922 (2001).[1]

¶3 Joachim's motion alleged the property taken was neither the same as that described in the warrant nor within § 13–3922's provisions. Alternatively, Joachim alleged probable cause did not exist to believe the items were subject to seizure. These are the only grounds on which an owner may seek return of property under § 13–3922. See id.; Greehling v. State, 136 Ariz. 175, 176, 665 P.2d 57, 58 (1983).

¶4 When Joachim filed the motion, no charges had been filed against him. The State concedes that Joachim properly served both the Phoenix Police Department and the City of Phoenix with the motion. Neither entity formally appeared at the hearing on the motion. The justice of the peace, sitting as a magistrate, found that given the lack of contrary argument, probable cause did not exist to seize the items and granted Joachim's motion in its entirety. The property was ordered returned unless, as provided in

Richard M. Romley, Maricopa County Attorney by Gerald R. Grant, Deputy County Attorney, Phoenix, Attorneys for Appellant.

Mehrens and Wilemon, P.A. by Craig Mehrens and Amy Wilemon, Phoenix, Attorneys for Appellee.

1. Subsection A § 13–3922 provides in relevant part: "If an owner of seized property controverts the grounds on which the warrant was issued, the magistrate shall proceed to take testimony.... If it appears that the property taken is not the same as that described in the warrant and is not within § 13–3916, ... or § 13–3925 [good faith exception], ... or that probable cause does not exist for believing the items are subject to seizure, the magistrate shall cause the property to be restored to the person from whom it was taken if the property is not such that any interest in it is subject to forfeiture or its possession would constitute a criminal offense."

§ 13–3922, its possession would constitute a criminal offense. *See id.* No one appealed from the magistrate's order.

¶ 5 Joachim's property, however, was not returned, ostensibly because its possession would constitute a criminal offense. Approximately four months after the magistrate granted Joachim's motion, the State used the property to obtain an indictment alleging eleven counts of sexual exploitation of a minor, all class 2 felonies. Joachim filed a pretrial motion in limine in which he argued that the State could not admit evidence a magistrate had previously found to have been illegally seized and that the prior ruling "is now the law in this case."

¶ 6 In granting the motion in limine, the trial court explained that another court with competent jurisdiction had negated the grounds upon which the warrant was issued, and there had been no appeal. Thus, the trial court concluded that the "Order remains valid." It further noted that even if the magistrate had incorrectly ruled on the motion, the trial court could not act as an appellate court and set aside the order. The trial court later denied the State's motion for reconsideration and granted its motion to dismiss. This appeal followed.

## II. Discussion

¶ 7 Whether an order of a justice of the peace sitting as magistrate pursuant to § 13–3922 is binding on a superior court in a subsequent felony trial is a purely legal question that we review de novo. *See State v. Foster,* 199 Ariz. 39, 41, ¶ 9, 13 P.3d 781, 783 (App.2000).

¶ 8 "The jurisdiction of justice courts exists only to the extent conferred by the state Constitution and statutes." *State ex rel. Milstead v. Melvin,* 140 Ariz. 402, 404–05, 682 P.2d 407, 409–10 (1984). The criminal jurisdiction of justices of the peace is limited by our constitution to misdemeanor offenses. Ariz. Const. art. 6, § 32. When sitting as magistrates, however, justices of the peace have jurisdiction to consider mo-

tions to controvert search warrants pursuant to A.R.S. § 13–3922, even when the case involves a felony offense. *Milstead,* 140 Ariz. at 405, 682 P.2d at 410. In the context of a motion to controvert, "the justice of the peace, as magistrate, only determines whether probable cause supported the search warrant, and if not, whether the seized items should be returned." *Id.* An action to return property pursuant to § 13–3922 is civil, rather than criminal. *Greehling v. State,* 135 Ariz. 498, 500, 662 P.2d 1005, 1007 (1982).

¶ 9 The purpose behind § 13–3922 has a long history in Arizona law; predecessor statutes date back to the 1901 Arizona Penal Code. *See Historical and Statutory Notes,* A.R.S. § 13–3922 (2001); Ariz. Pen. Code §§ 1284 to 1286 (1901). The fundamental object of the statutes was and is to permit an owner of seized property to controvert a search warrant, and if it appears that the property taken was not that described in the warrant, or probable cause does not exist to believe the items were subject to seizure, to permit a magistrate to restore the property to the owner unless its possession would constitute a criminal offense. *Id.*

¶ 10 The statute and its predecessors derived from California Penal Code §§ 1539 and 1540. *See Historical and Statutory Notes,* A.R.S. § 13–3922; *Greehling,* 135 Ariz. at 499, 662 P.2d at 1006.[2] These sections of the California Code provide that a search warrant may be controverted and that if a magistrate finds either that no probable cause existed or that the "property taken was not that described in the warrant," the property must be restored. *See People v. Butler,* 64 Cal.2d 842, 52 Cal.Rptr. 4, 415 P.2d 819, 820 (Cal.1966). Ordinarily, if a statute is taken from another state, we will adopt that state's interpretation as long as it is "consistent with our legislative goals or intent." *State v. Tramble,* 144 Ariz. 48, 51, 695 P.2d 737, 740 (1985).

¶ 11 In *Butler,* the California Supreme Court addressed §§ 1539 and 1540. The de-

---

**2.** Although *Greehling* states that the Court of Appeals relied upon decisions interpreting §§ 1540 and "1237" of the California Penal Code, 135 Ariz. at 499, 662 P.2d at 1006, the

Court of Appeals actually reviewed §§ 1539 and 1540. *Greehling,* 135 Ariz. 521, 522–23, 662 P.2d 1028, 1029–1030 (App.1982).

fendants had failed to seek the return of seized property, and the issue was whether they had to file a motion to controvert to preserve their right to later attack the issuance of a search warrant at a preliminary hearing and/or trial. *Butler*, 52 Cal.Rptr. 4, 415 P.2d at 820. The California court noted that the statutes "were enacted in 1872, eighty-three years before the exclusionary rule was adopted.... Accordingly, the Legislature's purpose ... was not to regulate the procedure for objecting to the introduction of evidence in criminal trials but to afford the person from whom property was wrongfully seized an expeditious remedy for its recovery." *Id.* at 821 (citation omitted).[3]

■ ¶ 12 We conclude that § 13–3922 was adopted and enacted to provide a similar avenue for property owners, whether criminal suspects or not, to controvert a search warrant on two specific grounds in an effort to recover possession of their property. The statute was not intended to bind the superior court with the pretrial rulings of a justice of the peace in a civil matter, especially if the effect of those rulings might be to suppress evidence in a later felony criminal trial. This would *de facto* extend the justice of the peace's jurisdiction as a magistrate to rule on motions to suppress in felony cases.

■ ¶ 13 No Arizona case on the authority of magistrates to rule on motions to suppress has occurred in the context of a motion to controvert. It is clear, however, that a magistrate at a felony preliminary hearing has no jurisdiction to suppress evidence based on an unlawful search and seizure. *Dunlap v. Su-*

*perior Court (Hall)*, 169 Ariz. 82, 89, 817 P.2d 27, 34 (App.1991)(*citing State v. Jacobson*, 106 Ariz. 129, 130, 471 P.2d 1021, 1022 (1970)). The power to suppress evidence seized as a result of an unlawful search and seizure rests exclusively with the superior court. *Id.*[4]

¶ 14 Recognition of the limited jurisdiction and authority of magistrates in a preliminary hearing context applies equally to their authority over a motion to controvert a search warrant. Therefore, a magistrate's decision to return seized property under § 13–3922 does not necessarily preclude the State from offering that evidence in a subsequent felony prosecution. The trial court is not bound by the magistrate's decision but must make an independent determination as to whether the evidence should be admitted or suppressed.

### III. Conclusion

¶ 15 For the above reasons, the trial court erroneously interpreted § 13–3922. Accordingly, we vacate its ruling on Joachim's motion in limine.

CONCURRING: JAMES B. SULT, Presiding Judge, and PHILIP HALL, Judge.

---

3. These provisions were supplemented in 1967 with § 1538.5, which provides a scheme for challenging the introduction of evidence and seeking return of illegally seized items. *Theodor v. Superior Court*, 8 Cal.3d 77, 104 Cal.Rptr. 226, 501 P.2d 234, 244 (1972). In *Theodor*, the court acknowledged that despite their express terms, §§ 1539 and 1540 had been used by magistrates to suppress evidence before adoption of § 1538.5. *See id.* at 244–45. *Theodor* expressly stated that *Butler* did not decide that a defendant was prohibited from seeking to suppress evidence under a motion to controvert pursuant to §§ 1539 and 1540. *Id.* at 245. However, given

that Arizona magistrates have no jurisdiction to suppress evidence, this does not change our analysis or our consideration of *Butler*.

4. This was the law even before adoption of Arizona Rule of Criminal Procedure 5.3(b), which, in response to that portion of *Jacobson* that had allowed magistrates to exclude illegally obtained evidence at preliminary hearings, eliminated challenges to the admissibility of evidence during a preliminary hearing. *See Dunlap*, 169 Ariz. at 89, 817 P.2d at 34.