NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

DENISE K. EKVALL, *Petitioner/Appellee,*

*v.*

DAVID D. ESTRADA, *Respondent/Appellant.*

No. 1 CA-CV 14-0011
FILED 2-19-2015

Appeal from the Superior Court in Maricopa County
No.  FC2001-009197, FC2001-093082
(Consolidated)
The Honorable John R. Hannah, Jr., Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

COUNSEL

Denise K. Ekvall, Gilbert
*Petitioner/Appellee In Propria Persona*

J. Robert Walston, PC, Mesa
By J. Robert Walston
*Counsel for Respondent/Appellant*

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Randall M. Howe joined.

D O W N I E, Judge:

¶1        David Estrada ("Father") appeals from a post-decree judgment in favor of Denise Ekvall ("Mother") for reimbursement of uninsured healthcare expenses and unpaid attorneys' fees. For the following reasons, we affirm in part and vacate in part. We remand to the superior court for entry of a revised judgment regarding healthcare expenses.

## FACTS AND PROCEDURAL HISTORY

¶2        The parties divorced in 2003. In 2007, the superior court issued an order that, among other things, held the parties equally responsible for uninsured healthcare expenses for their child. The 2007 order stated:

> The parties shall account to one another for the child's uncovered healthcare expenses in accordance with Section 9.A of the Arizona Child Support Guidelines, which provides that a party seeking reimbursement for uninsured medical, dental, or vision costs shall make request for reimbursement to the other party within 180 days after the date the services occur and shall provide receipts or other evidence of payments actually made upon request of the other party.

*See* Ariz. Rev. Stat. ("A.R.S.") § 25-320 app. § 9(A) ("Guidelines"). The 2007 order also directed Father to pay Mother "the amount of $3,000.00 to defray a portion of [her] reasonable attorney's fees and costs incurred in this matter."

¶3        In 2010, the superior court issued additional post-decree orders, stating, in relevant part:

> All medical, dental and orthodontia expenses incurred for the health and protection of the child not covered by insurance shall be paid 42% by Father and 58% by Mother. The party

2

who incurs the cost of unreimbursed medical expenses shall provide a copy of the invoice or receipt to the other party within 30 days of the event; the other party shall reimburse his or her share of the cost within 30 days of receiving the invoice or receipt.

¶4         In 2013, Mother filed a motion requesting a hearing regarding, *inter alia*, "Payment of Medical Bills" and "Attorney Fees." She stated Father had failed to reimburse her for medical expenses or pay the attorneys' fees awarded in 2007.

¶5         After an evidentiary hearing, the superior court ruled Father owed Mother $497.80 as his share of unreimbursed healthcare expenses, and, after off-setting amounts Mother owed Father, entered judgment against Father for $444.40. The court also ordered Father to pay $420.88 directly to a hospital for his share of a balance owed to that facility. The court entered judgment against Father for the $3000 in fees awarded in 2007, plus prejudgment interest of $828.75. The court subsequently denied Father's motion for reconsideration/new trial, and Father filed a timely notice of appeal. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1), (5)(a).

## DISCUSSION

### I.      Uninsured Healthcare Expenses

¶6         The 2007 and 2010 court orders dictate how the parties were required to handle reimbursement requests. As of 2007, Mother was to present reimbursement requests to Father in accordance with the Guidelines, which direct the party seeking reimbursement to make a request within 180 days of the date the service was provided. The Guidelines do *not* state that the request must be in writing. Only upon request is the party seeking reimbursement required to provide invoices or receipts to the other parent. Therefore, for expenses incurred while the 2007 order was in effect, Mother was only required to make a verbal request for reimbursement within 180 days. As of May 24, 2010, however, Mother was required to send a copy of an invoice or receipt to Father within 30 days of the expense being incurred.

¶7         Mother asked the superior court to order Father to pay his share of sixteen separate claims. For identification purposes, we refer to these claims as follows:

        1.      Mercy Gilbert

2.   EVP
3.   EVP
4.   Hrasky
5.   Banner/UrgentCare
6.   Walmart
7.   SMI Imaging
8.   Catholic Healthcare
9.   Jafari
10.  Gilbert Hospital
11.  Blackwell
12.  All About Kids
13.  Minute Clinic
14.  Walgreens
15.  EVP
16.  EVP

¶8        The superior court did not award reimbursement for claims 3 and 13, so we do not discuss them further.  As for the remaining claims, we review the evidence in the light most favorable to sustaining the superior court's ruling.  *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 5, 972 P.2d 676, 679 (App. 1998).

¶9        The rulings regarding reimbursement requests made pursuant to the 2007 order relied on Mother's testimony, which the court specifically found credible.   Although Father offered contradictory testimony, the court found that he in fact knew "for the most part" about verbal reimbursement requests made by Mother.   The credibility of a witness is for the trier of fact to determine, not the appellate court.  *State v. Gallagher*, 169 Ariz. 202, 203, 818 P.2d 187, 188 (App. 1991).  We therefore affirm the reimbursement order relating to claims 4, 5, 9, 10, and 12.

¶10       As for claim 1, the superior court found it "clear" that Father was "well aware of" and timely notified of the hospital bill.  The record supports that determination.  Mother testified she had been sending the hospital bill to Father "on a regular basis since May of 2011, when it happened."  Mother's inability to pay the bill in full does not vitiate Father's duty to pay his share to the healthcare provider or collection agency, as the court directed.  *Cf.* Guidelines § 9(A) ("The parent responsible for payment or reimbursement must pay his or her share, as ordered by the court, or make acceptable payment arrangements with the provider or person entitled to reimbursement. . . .").

¶11 Regarding claims 2 and 11, some of the claimed expenses were subject to the 2007 order, and some were subject to the 2010 order. As for claim 2, we affirm the order that Father pay his share of expenses incurred on January 9, 2010. However, the record does not support a reimbursement order as to the other five medical appointments included in claim 2 because Mother did not establish compliance with the 2010 order. As for claim 11, we also affirm the reimbursement order in part. Father is responsible for paying his proportionate share of $147. However, Mother did not testify she provided timely notice of the remaining $172 under the terms of the 2010 order. Father is therefore not responsible for reimbursing that expense.

¶12 The record is devoid of competent evidence that Mother complied with the 2010 order regarding reimbursement requests 6, 7, 8, 14, 15, or 16. We therefore vacate the order to the extent it ordered Father to reimburse Mother for those claims. Contrary to Mother's suggestion at the evidentiary hearing, it was not sufficient that Father attended some of the appointments in question.

¶13 Father contends Mother did not prove she actually paid certain claims, so they should not have been included in the reimbursement order. However, Mother testified she paid all claims in full except claim 1. The court acted within its discretion as fact-finder by accepting Mother's testimony in this regard.

## II. Attorneys' Fee Judgment and Prejudgment Interest

¶14 Father argues the superior court lacked subject matter jurisdiction to order him to pay the attorneys' fees awarded in 2007 because that award was an expired judgment. Father raised this argument for the first time in his motion for reconsideration/new trial. The superior court ruled:

> [Father] did not raise the judgment-expiration defense at the hearing. It is not clear that the 2007 order was in fact a judgment, but even if it was [Father] waived the issue by not timely asserting it.

¶15 Although subject matter jurisdiction may be challenged at any time, *see Health for Life Brands, Inc. v. Powley*, 203 Ariz. 536, 538, ¶¶ 11-12, 57 P.3d 726, 728 (App. 2002), Father's argument does not implicate subject matter jurisdiction. Subject matter jurisdiction means the power to hear and determine a general class of cases to which a particular proceeding belongs. *State ex rel. Milstead v. Melvin*, 140 Ariz. 402, 404, 682 P.2d 407, 409

(1984). The superior court clearly had the power to hear and determine the parties' obligations under prior orders. Whether the 2007 fee award remained valid was not a *jurisdictional* issue, but a legal issue the court could have decided had it been timely raised. The superior court properly ruled that Father waived this argument by failing to timely raise it. *See Ramsey v. Yavapai Family Advocacy Ctr.*, 225 Ariz. 132, 138, 235 P.3d 285, 291 (App. 2010) (issue waived when first raised in motion for reconsideration); *Conant v. Whitney,* 190 Ariz. 290, 293-94, 947 P.2d 864, 867-68 (App. 1997) (issue waived when first raised in motion for new trial).

**¶16**        Father also challenges the award of prejudgment interest on the 2007 fee award. Whether a party is entitled to prejudgment interest is a question of law we review *de novo. Berry v. 352 E. Virginia, L.L.C.*, 228 Ariz. 9, 13, ¶ 18, 261 P.3d 784, 788 (App. 2011). An application for attorneys' fees is liquidated once the superior court enters an order awarding fees. *Flood Control Dist. v. Paloma Inv. Ltd. P'ship*, 230 Ariz. 29, 49, ¶ 80, 279 P.3d 1191, 1211 (App. 2012). Thus, once the 2007 order awarding Mother $3000 in fees was issued, the amount became liquidated. The court appropriately awarded interest on that sum from the date of the 2007 award. *See* A.R.S. § 44-1201(A).

**¶17**        Finally, Father contends Mother did not establish that he failed to pay the $3000 fee award. However, Mother's motion expressly asked the court to enforce the 2007 award and her pretrial statement sought payment of that award. Additionally, Mother testified that Father was ordered to pay the $3000 in 2007 and that the award had been discussed but not resolved in the 2010 proceedings. The court dictated its order, including the fee judgment, at the end of the hearing, and Father voiced no objection. We affirm the judgment against Father for $3000 in attorneys' fees, as well as the interest awarded on that amount.

**CONCLUSION**

**¶18**       For the reasons stated, we affirm in part and vacate in part the order regarding health care expense reimbursements and remand with instructions to issue a revised judgment consistent with this decision.  We affirm the judgment against Father for attorneys' fees and prejudgment interest.  In the exercise of our discretion, we deny Father's request for an award of attorneys' fees on appeal pursuant to A.R.S. § 25-324.  Both parties have partially prevailed on appeal, so we make no award of appellate costs.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama