IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

|                          |   |                     |
|--------------------------|---|---------------------|
| THE STATE OF ARIZONA,    | ) |                     |
|                          | ) | 2 CA-CR 2011-0098   |
| Appellant,               | ) | DEPARTMENT A        |
|                          | ) |                     |
| v.                       | ) | O P I N I O N       |
|                          | ) |                     |
| RAMON LIMON,             | ) |                     |
|                          | ) |                     |
| Appellee.                | ) |                     |
|                          | ) |                     |

APPEAL FROM THE SUPERIOR COURT OF SANTA CRUZ COUNTY

Cause No. CR10050

Honorable Anna M. Montoya-Paez, Judge

DISMISSED

George E. Silva, Santa Cruz County Attorney
  By Kimberly J. Hunley                                 Nogales
                                                Attorneys for Appellant

Law Offices of Christopher L. Scileppi, P.L.L.C.
  By Christoper L. Scileppi                            Nogales
                                                Attorneys for Appellee

B R A M M E R, Judge.

¶1 Pursuant to A.R.S. § 13-4032(6), the state appeals from the trial court's order suppressing evidence. Because the state's notice of appeal was untimely, we dismiss the appeal for lack of jurisdiction.

**Factual and Procedural Background**

¶2 Ramon Limon was charged with possession of marijuana for sale and transportation of marijuana for sale. He filed a motion to suppress evidence discovered during a search of his vehicle, alleging law enforcement officials had no probable cause to search it and the search was the result of his having been questioned illegally in violation of his *Miranda*[1] rights. The trial court held a hearing on the motion and in a ruling filed on January 20, 2011, granted the motion to suppress. The state filed a motion for reconsideration, which the court denied on March 23, 2011. On March 30, 2011, the state filed a notice of appeal from the court's January 20 and March 23 rulings. On the same day it filed a motion to dismiss "for purposes of appeal" and the court dismissed the action "without prejudice for purposes of appeal" on April 4, 2011.

**Discussion**

¶3 We have an independent duty to determine whether we have jurisdiction. *Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465, 957 P.2d 1007, 1008 (App. 1997). Our jurisdiction is prescribed by statute and we have no authority to entertain an appeal over which we do not have jurisdiction. *Hall Family Props., Ltd. v. Gosnell Dev. Corp.*, 185 Ariz. 382, 386, 916 P.2d 1098, 1102 (App. 1995). When a notice of appeal is

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

untimely, we lack jurisdiction over the appeal. *See State v. Berry*, 133 Ariz. 264, 267, 650 P.2d 1246, 1249 (App. 1982).

**¶4**         "The right to appeal is strictly statutory." *Id.* at 267, 650 P.2d at 1249. Section 13-4032(6) provides the state may appeal from "[a]n order granting a motion to suppress the use of evidence." Rule 31.3, Ariz. R. Crim. P., states a notice of appeal must be filed "within 20 days after the entry of judgment and sentence," and has been interpreted to "require[] that a notice of appeal be filed within 20 days of the order being appealed."[2] *Berry*, 133 Ariz. at 266, 650 P.2d at 1248. As indicated above, the state's notice of appeal was filed over two months after the trial court's order granting the motion to suppress.

**¶5**         In its notice of appeal, the state cited § 13-4032(6), but purported to appeal from both the trial court's order granting the motion to suppress and the subsequent order denying the state's motion to reconsider that ruling. The notice of appeal was untimely as to the court's order granting the motion to suppress because it was filed more than twenty days after the ruling. *See* Ariz. R. Crim. P. 31.3. And, contrary to the state's suggestion, the order denying the motion to reconsider is not an appealable order. Section 13-4032 lists seven types of orders or rulings from which the state may appeal, and a ruling on a motion for reconsideration is not among them. *See State v. Ault*, 157

---

[2]We discuss below the state's argument that, because the text of Rule 31.3 does not refer to interlocutory orders, the "triggering event for a timely appeal" should be dismissal.

Ariz. 516, 519, 759 P.2d 1320, 1323 (1988) (when legislature expresses list, generally we assume exclusion of items not listed).

**¶6**        Nor did the state's filing of a motion to reconsider the appealable order extend the time for appealing it.[3] "The filing of a motion affecting an appealable order does not extend the time for filing an appeal from that order, in absence of a rule so providing."[4] *Berry*, 133 Ariz. at 267, 650 P.2d at 1249 (filing of motion to reconsider order dismissing count did not extend time to file notice of appeal from dismissal); *see also, e.g.*, *State ex rel. Neely v. Rodriguez*, 165 Ariz. 74, 78, 796 P.2d 876, 880 (1990) (motion for rehearing did not suspend time limit to appeal from underlying order granting new trial). The Arizona Rules of Criminal Procedure, unlike the Rules of Civil Appellate Procedure, do not provide that certain motions extend the time for filing an appeal. *Berry*, 133 Ariz. at 267, 650 P.2d at 1249. The procedural device for "delayed" appeals, which is available to defendants in some circumstances, Ariz. R. Crim. P. 32.1(f), is not available to the state "because determinable and speedy finality is an important

---

[3]The state argues that because motions for reconsideration are allowed by Rule 16.1(d), Ariz. R. Crim. P., not permitting those motions to extend the time for appeal "obviate[s] the need for and purpose of Rule 16.1(d)." The same argument was raised and rejected in *Berry*, 133 Ariz. at 267, 650 P.2d at 1249. The right to file the motion does not answer the issue of "whether the filing of such a motion extends the time for appeal." *Id.*

[4]The state argues *Berry* should be construed narrowly to control appeals from dismissal, but not interlocutory, orders. However, *Berry* refers generally to motions affecting "appealable order[s]," and we find no reason its analysis should not apply to all orders appealable pursuant to § 13-4032, especially in the absence of authority to the contrary. *Berry*, 133 Ariz. at 267, 650 P.2d at 1249.

constitutional and public policy consideration in favor of defendants in criminal prosecutions." *Neely*, 165 Ariz. at 78, 796 P.2d at 880.

¶7        The state alternatively argues that, because the text of Rule 31.3 does not refer to interlocutory orders, the "triggering event for a timely appeal" should be the trial court's dismissal for the purposes of appeal because it is a "final adjudication of the claim, similar to a judgment and sentence."[5]  However, the plain language of §13-4032 allows the state to appeal from an "order granting a motion to suppress" without distinguishing between interlocutory or final orders.  An order granting a motion to suppress almost always will be an interlocutory order.  Furthermore, there is no mention of dismissal in § 13-4032(6) or in Rule 31.3, and the state has identified no case where the time for an appeal was begun by anything other than the appealable order.

¶8        We also question whether the state operated under the belief that dismissal began the time for appeal; its notice of appeal was filed before the dismissal and therefore would have been premature under its proposed construction of the rule.[6]  Regardless, we find no reason to depart from the interpretation of Rule 31.3 articulated in *Berry*—that the time for appeal begins to run from the date of the appealable order specified in

---

[5]The state does not argue the dismissal here was appealable pursuant to § 13-4032(1), and it is clear the dismissal is not appealable directly.  *See State v. Gilbert*, 172 Ariz. 402, 404, 837 P.2d 1137, 1139 (App. 1991) (state may appeal only from order of dismissal going beyond what it requested).

[6]We need not determine whether the premature notice of appeal would have been effective nonetheless pursuant to the exception articulated in *Barassi v. Matison*, 130 Ariz. 418, 422, 636 P.2d 1200, 1204 (1981), but merely note it was filed before the trial court's order dismissing the action.

5

§ 13-4032.[7] 133 Ariz. at 266, 650 P.2d at 1248; *see also State v. Gilbert*, 172 Ariz. 402, 404, 837 P.2d 1137, 1139 (App. 1991) (dismissal without prejudice did not start clock for appeal; clock started by subsequent appealable dismissal with prejudice).

¶9 The state urges that concluding "the appropriate triggering event for the State's appeal from an interlocutory order is dismissal would promote judicial economy" and fairness. It argues the trial court should have "an opportunity for a second look at its ruling" before an appeal is initiated. But neither the plain language of § 13-4032 nor the language of Rule 31.3 permit us to consider this policy to allow appeals from orders other than those they designate. And, as discussed above, this interpretation of Rule 31.3 is contradicted by case law, and the state offers no authority to support its suggestion that considerations of judicial economy or fairness compel a contrary conclusion. It also fails to explain why this policy concern should be weighed differently in this case than in analogous case law and civil rules that do not allow a motion for reconsideration to extend the time for appeal, even though the impact on judicial economy and a trial court's "opportunity for a second look" before appeal ostensibly are the same in those contexts. *See, e.g.*, *Berry*, 133 Ariz. at 267, 650 P.2d at 1249; *see also* Ariz. R. Civ. P. 7.1(e); Ariz. R. Civ. App. P. 9(b). Nor does the state address the competing policy concerns that may arise if the time for appeal is not begun until an order has been entered after a request

---

[7]This is also consistent with the Arizona Appellate Handbook's (AAH) interpretation of the rule. 1B State Bar of Arizona, *AAH* § 4.2.3.2, at 4-9 (5th ed. 2010) ("[T]he notice of appeal must be filed within 20 days after entry of the judgment and sentence, or the date of the order from which the appeal is taken."); *see also Barassi*, 130 Ariz. at 420 n.4, 636 P.2d at 1202 n.4 (noting AAH interpretation of rule, although not binding on court).

6

made by the state at a time of its choosing.  Therefore, the time within which the state needed to appeal began when the court entered its January 20, 2011, appealable order granting the motion to suppress.

**Disposition**

**¶10**        For the foregoing reasons, the state's notice of appeal was untimely. Because we lack jurisdiction over this appeal, we dismiss it.


/s/ *J. William Brammer, Jr.*

J. WILLIAM BRAMMER, JR., Judge


CONCURRING:


/s/ *Peter J. Eckerstrom*

PETER J. ECKERSTROM, Presiding Judge


/s/ *Joseph W. Howard*

JOSEPH W. HOWARD, Chief Judge