360 P.3d 100

**STATE of Arizona, Appellant,**

v.

**Justin REYES, Appellee.**

**No. 1 CA–CR 14–0809.**

Court of Appeals of Arizona, Division 1.

Oct. 1, 2015.

Navajo County Attorney's Office By Neill Perry, Holbrook, for Appellant.

Law Office of Paul Gattone, By Paul J. Gattone, Tucson, for Appellee.

Judge PETER B. SWANN delivered the opinion of the court, in which Presiding Judge ANDREW W. GOULD and Judge PATRICIA A. OROZCO joined.

## OPINION

SWANN, Judge:

¶ 1 The state appeals from the trial court's order granting Justin Reyes's motion to suppress text messages obtained from a communication service provider. We hold that A.R.S. § 13–3016 does not require the state to notify a party when it obtains electronic communications pursuant to a search warrant. We therefore reverse the trial court's order granting Reyes's motion to suppress.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Reyes was charged with one count of burglary, four counts of aggravated assault, two counts of assault, one count of disorderly conduct, and one count of criminal damage. The state alleges that a few days after the crimes, an assault-victim's wife told police that Reyes was a friend and that he had confessed to her in a series of text messages that he was part of the attacks. She identified Reyes's phone number and her own but told police that she had deleted the messages from her phone. Based on the victim's wife's statement, the police obtained a search warrant to retrieve the text messages from the communication service provider, and the provider complied. The provider's records also showed that the phone number was registered to Reyes's mother, who allegedly let Reyes use the phone. However, the phone itself was never recovered.

¶ 3 Under Ariz. R.Crim. P. 15.1, the state disclosed that it intended to use the phone records as exhibits at trial. The state also

1. The state also challenges Reyes's standing to file the motion to suppress because the provider identified his mother as the subscriber. But even assuming that Reyes's mother were a necessary party to the motion to suppress, any such defect in standing would be curable on remand. Because notice was not required under A.R.S. § 13–3016(B)(1) as a matter of law, we reach the merits to avoid multiple appeals.

2. The use of a suppression order as a sanction for failure to make a disclosure under Ariz.

filed two motions in limine. First, the state requested a pretrial ruling that the text messages were admissible as business records under Ariz. R. Evid. 803(6). Next, the state requested that the court permit the state to introduce evidence of Reyes's criminal history to establish his identity as the author of the text messages under Ariz. R. Evid. 404(b). The court denied the motions, finding that the text messages were not admissible as self-authenticating business records under Rule 803(6) and that Rule 404(b) evidence was not admissible to establish identity of the author of the text messages.

¶ 4 Reyes filed a motion to suppress the text messages, arguing that the state did not provide the subscriber (his mother) with proper notice that it had received the text messages under A.R.S. § 13–3016(G). The trial court granted the motion, finding that because the state "failed to provide notice as required by ARS 13–3016(G), and also failed to comply with other provisions of ARS 13–3016[,] ... the appropriate remedy in this case is suppression."

¶ 5 The state moved to dismiss the case without prejudice and the court granted the motion. The state appeals from the trial court's order granting Reyes's motion to suppress and from the order denying the state's motions in limine.[1]

## JURISDICTION AND STANDARD OF REVIEW

¶ 6 "Our jurisdiction is prescribed by statute and we have no authority to entertain an appeal over which we do not have jurisdiction." *State v. Limon*, 229 Ariz. 22, 23, ¶ 3, 270 P.3d 849 (App.2011). A.R.S. § 13–4032(6) provides that the state may appeal from "[a]n order granting a motion to suppress the use of evidence."[2] But we do

R.Crim. P. 15.7(a) is not appealable under A.R.S. § 13–4032(6). *State v. Roper*, 225 Ariz. 273, 274, ¶¶ 6–8, 236 P.3d 1220 (App.2010). However, because the trial court's order effectively invalidated a search warrant, the motion to suppress was a challenge under Ariz. R.Crim. P. 16.2(b) to the lawfulness or "constitutionality of the obtaining of evidence by the state" and is appealable under A.R.S. § 13–4032(6). *State v. Lelevier*, 116 Ariz. 37, 38, 567 P.2d 783 (1977).

not have jurisdiction over the trial court's order denying the state's motions in limine. That order was not an order "granting a motion to suppress the use of evidence." It is true that our supreme court has defined a motion in limine as "nothing more than a motion to suppress specifically authorized by Rule 16, Arizona Rules of Criminal Procedure." *State v. Rodriguez*, 126 Ariz. 28, 30, 612 P.2d 484 (1980). But the purpose of the motions here was not to "exclude anticipated prejudicial evidence before the evidence is actually offered by the opposing party." *Id.* Instead, the state was attempting to obtain a pretrial ruling that evidence *was* admissible before actually offering it. The use of a motion in limine in this fashion does not fall within any arguable definition of a motion to suppress.

¶ 7 The state requests that we accept special action jurisdiction over the trial court's order denying its motions in limine. "The acceptance of special action jurisdiction is highly discretionary in this court" and "is not available where there is an equally plain, speedy, and adequate remedy by appeal." *Harris Trust Bank of Ariz. v. Superior Court (Mathes)*, 188 Ariz. 159, 162, 933 P.2d 1227 (App.1996); *see* Ariz. R.P. Spec. Act. 1(a). In exercise of our discretion, we decline to accept special action jurisdiction here. "[A]ppeals by the government in criminal matters historically have not been favored, and in the absence of a constitutional provision or statute clearly conferring that right, such an appeal cannot be taken." *State v. Lelevier*, 116 Ariz. 37, 38, 567 P.2d 783 (1977). Here, the trial court has specifically ruled that the text messages may be admissible, if not by the course the · state seeks. We will not entertain a special action from the denial of such a motion in limine merely to micromanage the presentation of evidence at a trial that has not occurred.

## DISCUSSION

¶ 8 We review issues of statutory construction de novo. *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227 (1996). "When construing statutes, our goal is 'to fulfill the intent of the legislature that wrote it.'" *Id.* (citation omitted). "We first consider the statute's language 'because we expect it to be "the best and most reliable index of a statute's meaning."'" *Id.* (citations omitted). "If a statute's language is clear and unambiguous, we apply it without resorting to other methods of statutory interpretation." *Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 268, 872 P.2d 668 (1994).

¶ 9 A.R.S. § 13–3016(B) provides:

> An agency . . . of the state may require the disclosure by a communication service provider or remote computing service of the contents of an oral, wire or electronic communication that has been in electronic storage for one hundred eighty days or less in one of the following ways:
>
> 1. Without prior notice to the subscriber or party, by obtaining a search warrant. . . .
>
> 2. With prior notice to the subscriber or party, by serving a subpoena. . . .
>
> 3. With prior notice to the subscriber or party, by obtaining a court order on an application and certification that contains specific and articulable facts showing that there are reasonable grounds to believe that the communication content sought is relevant to an ongoing criminal investigation. . . .

¶ 10 The court ruled in this case that the state "was required to provide notice when obtaining cell phone text messages from a provider pursuant to ARS 13–3016(B)(1) and failed to do so." The court based its conclusion on its reading of three other sections of the statute. We address each of those sections in turn.

I. A.R.S. § 13–3016(C)(1)

¶ 11 The trial court held that "[a] plain reading of [A.R.S. § 13–3016(B)(1) and (C)(1) ] leads one to conclude that if the State obtains text messages, pursuant to a search warrant, that have been in storage for less than one hundred eighty (180) days then notice need not be given prior to the execution of the search warrant, but notice would have to be given sometime thereafter." The court reasoned that it could not interpret A.R.S. § 13–3016(B)(1) and (C)(1) to mean

the same thing. We disagree with the court's interpretation.

¶ 12 A.R.S. § 13–3016(B) and (C) are identical except that section (C) applies when the electronic communication has been in storage for more than 180 days, and section (B) applies when the communication has been in storage for 180 days or less. Subsection (B)(1) is identical to subsection (C)(1), except that subsection (B)(1) contains the language "without *prior* notice" while subsection (C)(1) reads "without notice." The trial court interpreted this difference to mean that subsection (B)(1) required some type of *subsequent* notice. We conclude that the mere absence of the word "prior" does not create an affirmative right to any type of notice. We cannot manufacture duties from legislative silence, and no language in the statute suggests a legislative intent to create a duty to provide notice in these circumstances.

¶ 13 "[A]bsent a clear indication of legislative intent to the contrary, we are reluctant to construe the words of a statute to mean something other than what they plainly state." *Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co.*, 177 Ariz. 526, 529, 869 P.2d 500 (1994). Subsection (B)(1) plainly states that no prior notice is required, and that is all that it states.

¶ 14 Moreover, "[s]tatutory provisions are to be read in the context of related provisions and of the overall statutory scheme. The goal is to achieve consistency among the related statutes." *Goulder v. Ariz. Dep't of Transp., Motor Vehicle Div.*, 177 Ariz. 414, 416, 868 P.2d 997 (App.1993), *aff'd*, 179 Ariz. 181, 877 P.2d 280 (1994). Subsections (B)(1) and (C)(1) are identical apart from the absence of the word "prior" in subsection (C)(1). Subsections (B)(2) and (3) are also identical to subsections (C)(2) and (3). These provisions, when read in the context of the overall statutory scheme, appear intended to have the same meaning as their corresponding subsections. The trial court's interpretation is inconsistent with the overall statutory scheme.

¶ 15 The trial court erred when it inferred that subsequent notice was required in subsection (B)(1) based on the absence of the word "prior" in subsection (C)(1).

## II. A.R.S. § 13–3016(D)(1)

¶ 16 The trial court ruled that A.R.S. § 13–3016(B)(1) and (D)(1), read together, also require the state to give subsequent notice to a subscriber when it obtains records from a provider pursuant to a warrant. The court reasoned that if it were to find that no notice was required for text messages secured through a search warrant, then it would render the reference to "search warrant" in A.R.S. § 13–3016(D)(1) "superfluous." We disagree.

¶ 17 Subsection (D)(1) provides:

[T]he notice to the subscriber or party that is required by this section may be delayed for a period of not to exceed ninety days under any of the following circumstances: 1. If the applicant *for* a search warrant or court order pursuant to this section requests a delay of notification and the court finds that delay is necessary to protect the safety of any person or to prevent flight from prosecution, tampering with evidence, intimidation of witnesses or jeopardizing an investigation.

¶ 18 The term "search warrant" in subsection (D)(1) is not superfluous, because it relates to the delay of *provider* notice that the state can seek under section (F).

¶ 19 Section (F) provides:

Any agency acting pursuant to this section may apply for a court order directing the communication service provider or remote computing service not to notify any other person of the existence of the subpoena, court order or warrant for such period as the court deems appropriate. The court shall grant the application if it finds that there is reason to believe that notice may cause an adverse result described in subsection D of this section.

¶ 20 Under this subsection, if the state obtains stored electronic information or other business records with a search warrant, and the provider will notify the subscriber of the existence of the search warrant, then the state can request a delay of that notification under section (F) and subsection (D)(1).

¶ 21 Moreover, subsections (B)(2), (B)(3), (C)(2) and (C)(3) all provide that "notice may be delayed pursuant to subsection D of this section." A plain reading of these statutory provisions leads us to conclude that if the state were required to provide any type of notice when acting pursuant to a search warrant, then the legislature would have included the same language allowing for a delay of such notice in subsections (B)(1) and (C)(1).

### III. A.R.S. § 13–3016(G)

¶ 22 The court ultimately found that "the State was required to provide the Defendant with notice under ARS 13–3016(G) and did not do so." We disagree.

¶ 23 Section (G) lists the information that must be included in the notice to be delivered "[o]n the expiration of any period of delay under this section." Therefore, the notification requirements of section (G) only apply if notice has been delayed pursuant to sections (D), (E), or (F) and if notice is otherwise required.

¶ 24 Subsection (G)(6) provides that the notice must include a statement "[t]hat any challenge to the subpoena or order must be filed within fourteen days." The court noted that the state's "disclosure does not advise the Defendant that he has fourteen (14) days to challenge the order by which the text messages were secured." However, the statute intentionally treats the three means of obtaining electronically stored information—search warrant, subpoena, and court order—as distinctly different processes. A court order in this case is not the same as a search warrant. A plain reading of section (G) leads us to conclude that search warrants were not included in subsection (G)(6) because a state agency is not required to provide notice, delayed or otherwise, when information is obtained pursuant to a search warrant.

### CONCLUSION

¶ 25 For the foregoing reasons, we reverse the trial court's order granting Reyes's motion to suppress.