NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA ex rel. WILLIAM G. MONTGOMERY, Maricopa County Attorney, *Petitioner*,

*v.*

THE HONORABLE MICHAEL D. GORDON, Judge of the SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County of MARICOPA, *Respondent Judge*,

REBECCA JEAN GEROW, *Real Party in Interest*.

No. 1 CA-SA 17-0011
FILED 2-23-2017

Petition for Special Action from the Superior Court in Maricopa County
No.  CR2015-005381-001 DT
The Honorable Michael D. Gordon, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Petitioner*

Gordwin Law PLLC, Chandler
By Ursula H. Gordwin
*Counsel for Real Party in Interest*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Paul J. McMurdie joined.

---

**J O N E S**, Judge:

¶1      The State petitions for special action review of the trial court's order finding the State collaterally estopped from presenting evidence seized without a search warrant based on the court's prior suppression order in a separate case. For the following reasons, we accept jurisdiction and grant relief.

**FACTS AND PROCEDURAL HISTORY**

¶2      In July 2015, Phoenix police and fire departments responded to an emergency call of a two-month-old child not breathing. The child was transported to the hospital, but the hospital's physicians were unable to resuscitate him.

¶3      In the hospital room, a detective asked the child's mother, Rebecca Gerow, if he could have her house keys in order to conduct a death investigation. Gerow was unable to find her keys, and the detective left the room. Later, in the hospital hallway, the detective encountered Gerow's mother, who, unsolicited, provided him with the keys to Gerow's home. Without obtaining a warrant, the police entered Gerow's home and found drug paraphernalia and methamphetamine (collectively, the contraband).

¶4      The State charged Gerow in two separate cases with possession of dangerous drugs for sale (the Drug Case) and child abuse (the Child Abuse Case). In the Drug Case, Gerow filed a motion to suppress the contraband, asserting the warrantless search of her home was unreasonable and violated her Fourth Amendment rights. The trial court granted the motion, as well as the State's subsequent motion to dismiss the Drug Case without prejudice. The State timely appealed the suppression order. That appeal is currently pending before this Court in *State v. Gerow*, 1 CA-CR 16-0756.

2

¶5        Meanwhile, the State moved forward with prosecution of the Child Abuse Case.  Prior to trial, the State requested clarification from the trial court that the suppression order in the Drug Case did not prevent introduction of the contraband as evidence in the Child Abuse Case.  Gerow objected, and the court heard oral argument on the State's motion.  After taking the matter under advisement, the court entered a ruling identifying the primary issue as "whether collateral estoppel precludes introduction of the [contraband] evidence suppressed in the Drug Case in the Child Abuse Case."  The court held that collateral estoppel did apply and suppressed the contraband evidence.  The State simultaneously filed a notice of appeal and this petition for special action, both arguing the court erroneously applied the doctrine of collateral estoppel.

## JURISDICTION

¶6        We may accept special action jurisdiction when a case "presents a pure question of law for which there is no 'equally plain, speedy, and adequate remedy by appeal.'"  *State ex rel. Smith v. Reeves*, 226 Ariz. 419, 421, ¶ 9 (App. 2011) (quoting Ariz. R.P. Spec. Act. 1(a)); *see also* Ariz. R.P. Spec. Act. 3(b) (noting special action may raise the issue of "[w]hether the defendant has proceeded or is threatening to proceed without or in excess of jurisdiction or legal authority").  The applicability of collateral estoppel presents a question of law.  *See Garcia v. Gen. Motors Corp.*, 195 Ariz. 510, 513, ¶ 6 (App. 1999) (citing *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988), and *Baroldy v. Ortho Pharm. Corp.*, 157 Ariz. 574, 578 (App. 1988)).

¶7        Furthermore, if we did not accept jurisdiction over this petition, the State may not have an adequate remedy by appeal.  The State may appeal from an "order granting a motion to suppress the use of evidence."  Ariz. Rev. Stat. (A.R.S.) § 13-4032(6) (2016).  A "motion to suppress" is one that narrowly challenges the lawfulness or constitutionality of the State's acquisition of evidence.  The State's motion to clarify does not directly challenge the admissibility of the evidence and may not be directly appealable.  *Compare State v. Bejarano*, 219 Ariz. 518, 520, ¶ 3 (App. 2008) (rejecting a broad reading of the predecessor to A.R.S. § 13-4032(6) that would grant the State the right to a direct appeal on "any court ruling which sustains an objection to evidence before, during or after trial") (quoting *State v. Lelevier*, 116 Ariz. 37, 38 (1977)), *and State v. Reyes*, 238 Ariz. 304, 307, ¶ 6 (App. 2015) (concluding an order denying the State's motions was not an order "granting a motion to suppress the use of evidence" and therefore not appealable under A.R.S. § 13-4032(6)) (citations omitted), *with State v. Rodriguez*, 160 Ariz. 381, 382-83 (App. 1989) (holding the State's right

to appeal under the predecessor to A.R.S. § 13-4032(6) "is not limited to the suppression of illegally-obtained evidence"). Because the State may be precluded from direct appeal of the trial court's order, we cannot say it has an equally plain, speedy, and adequate remedy.

¶8        For these reasons, we accept jurisdiction.

## DISCUSSION

¶9        The State argues the trial court erred in applying collateral estoppel because the interlocutory suppression order in the Drug Case was not a final decision necessary for judgment. As an issue of law, we review the application of collateral estoppel *de novo*. *Garcia*, 195 Ariz. at 513, ¶ 6 (citations omitted).

¶10        Generally, the doctrine of collateral estoppel prevents an issue that has been determined by a valid and final judgment from being litigated again by the same parties in a subsequent action. *State v. Jimenez*, 130 Ariz. 138, 140 (1981) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)). Although disfavored, *State v. Rodriguez*, 198 Ariz. 139, 141, ¶ 6 (App. 2000) (citing *Standefer v. United States*, 447 U.S. 10, 22-25 (1980)), collateral estoppel applies in criminal cases where: (1) the issue sought to be re-litigated is precisely the same as the issue in the previous litigation; (2) a final decision on the issue was necessary for the judgment in the prior litigation; and (3) there is mutuality of parties, *State v. Whelan*, 208 Ariz. 168, 172, ¶ 13 (App. 2004) (quoting *Jimenez*, 130 Ariz. at 140, and *Rodriguez*, 198 Ariz. at 141, ¶ 5). We agree with the trial court and the State that only the second element is at issue in this case.

¶11        In *State v. Greenberg*, this Court considered "whether an interlocutory suppression order, subject to appeal, is final for purposes of collateral estoppel," and therefore sufficient to satisfy the second element of the test set forth in *Whelan*. 236 Ariz. 592, 598, ¶ 28 (App. 2015) (citation omitted). The *Greenberg* Court acknowledged that, in order for collateral estoppel to apply, the interlocutory order must constitute a "final decision" and the initial litigation from which that order derives must have resulted in a "prior judgment." *Id.* at 599, ¶ 30. The Court held that litigation culminating in a dismissal without prejudice does not constitute a "prior judgment" within the meaning of Arizona Rule of Criminal Procedure 26.1(a), because that dismissal is not an "adjudication of the court based upon the verdict of the jury, upon the plea of the defendant, or upon its finding following a non-jury trial, that the defendant is guilty or not guilty." *Id.* at 599-600, ¶¶ 34, 36.

**¶12** Likewise, the voluntary dismissal, without prejudice, of the Drug Case did not result in a "prior judgment." Therefore, the interlocutory suppression order in the Drug Case cannot collaterally estop the parties from re-litigating, in the Child Abuse Case, whether the contraband found in Gerow's home was illegally obtained.[1]

**CONCLUSION**

**¶13** For the foregoing reasons, we accept special action jurisdiction and grant relief, vacate the trial court's order finding the State was collaterally estopped from presenting the contraband evidence in the Child Abuse Case, and lift this Court's previously ordered stay. We express no opinion whether the contraband evidence should be suppressed in the Child Abuse Case pursuant to the Fourth Amendment.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[1] The *Greenberg* Court also held that an interlocutory suppression order from which no appeal is taken is not a "final decision" and therefore, "cannot form the foundation for application of collateral estoppel in a subsequent case." 236 Ariz. at 599, ¶ 32. Because Gerow has failed to show a "prior judgment," collateral estoppel does not apply, and we need not consider whether the interlocutory suppression order that is pending appeal constitutes a final decision for purposes of collateral estoppel.