ECKERSTROM, Chief Judge:
*510 ¶ 1 Ronald Perry attempts to appeal from the trial court's order denying his application to restore his right to possess firearms. Because we lack jurisdiction, we dismiss the appeal.
Factual and Procedural Background
¶ 2 In February 2016, Perry filed an application to restore his civil rights and set aside his convictions for aggravated driving under the influence and disorderly conduct. Perry also requested that the court restore his right to possess firearms. In April 2016, the court granted Perry's application as to his civil rights and set aside the judgment, but declined to restore his gun rights. In July 2017, Perry filed a new application to restore his gun rights. On August 15, after a hearing, the trial court denied that application. On November 17, Perry filed a notice of appeal.
Jurisdiction
¶ 3 Although the state has not contested the issue of jurisdiction,[1] we have an independent duty to determine our jurisdiction over the appeal. See State v. Serrano , 234 Ariz. 491, ¶ 4, 323 P.3d 774 (App. 2014) (appellate jurisdiction "provided and limited by law."). To address whether we have jurisdiction over Perry's claim, we must first determine whether the action to restore gun rights after a criminal conviction is civil or criminal in nature. For the reasons that follow, we conclude Perry's action is properly characterized as criminal. Perry's application for restoration of his right to possess firearms seeks relief from a sanction imposed in a criminal case. And, he seeks restoration under statutes and rules addressing applications arising from criminal cases. See A.R.S. § 13-907 ; Ariz. R. Crim. P. 29. Furthermore, our courts have largely treated an action for a restoration of rights after a criminal conviction as a criminal proceeding, implicitly treating them as orders appealable under A.R.S. § 13-4033(A)(3). See, e.g. , State v. Nixon , 242 Ariz. 242, 394 P.3d 667 (App. 2017) ; State v. Hall , 234 Ariz. 374, ¶ 2, 322 P.3d 191 (App. 2014) ; State v. Key , 128 Ariz. 419, 626 P.2d 149 (App. 1981) ; State v. Grant , 24 Ariz. App. 201, 537 P.2d 38 (1975) ; cf. State v. Buonafede , 168 Ariz. 444, 448, 814 P.2d 1381, 1385 (1991) (trial court had no authority, in rights restoration proceeding, to issue "certificate of rehabilitation"), but see State v. Rehm , No. 1 CA-CV 15-0417, 2016 WL 1118950 (Ariz. App. Mar. 22, 2016) (mem. decision), as amended (Mar. 24, 2016) (treating restoration of gun rights as civil matter).
¶ 4 When the right to possess firearms has been suspended as a consequence of a criminal conviction, the information relevant to the restoration of the right will be present in the criminal case file. As a practical matter then, practitioners and courts, for administrative convenience, will more likely file such applications and resulting orders under the pertinent criminal cause number.
¶ 5 We acknowledge that this court has previously concluded that "a proceeding to restore firearm rights pursuant to [A.R.S.] § 13-925 is civil in nature, notwithstanding the statute's placement in title 13." Pinal Cty. Bd. of Supervisors v. Georgini , 235 Ariz. 578, ¶ 35, 334 P.3d 761 (App. 2014). But there, the applicant's loss of the right to possess a firearm occurred as part of a mental health proceeding and he sought relief under a section of title 13 authorizing restoration of rights in that context. Id. ¶¶ 2-5 ; see A.R.S. § 13-925(A), (C)(4) (providing avenue to apply for restoration for person whose right to possess firearms has been restricted based upon a finding that he is "a danger to self or others" pursuant to A.R.S § 13-3101(A)(7)(a) or similar federal statute). Mental health proceedings are civil in nature. See In re MH-2008-000867 , 225 Ariz. 178, ¶ 5, 236 P.3d 405 (2010). Moreover, Georgini relied, in part, on the fact that A.R.S. § 12-2101, the statute that identifies appealable judgments and orders in civil proceedings, provides the statutory basis for appealing an order *511 "[g]ranting or denying a petition to restore a person's right to possess a firearm pursuant to § 13-925. " ( Emphasis added.) 235 Ariz. 578, ¶ 35, 334 P.3d 761.
¶ 6 Georgini additionally relied on Greehling v. State , 135 Ariz. 498, 662 P.2d 1005 (1982), to support its conclusion that the action was civil, notwithstanding its placement in the criminal code. Greehling concerned an action to restore property seized pursuant to a search warrant on the ground that the warrant was not properly issued. 135 Ariz. at 498-99, 662 P.2d at 1005-06. The court characterized the action as civil, noting that such a characterization was "consistent with the rights of those neither charged nor chargeable with a criminal offense to recover property that is seized under an invalid search warrant or improperly seized beyond the scope of a valid search warrant." Id. at 500, 662 P.2d at 1007. The court also noted that the person seeking relief in that action would not necessarily be a criminal defendant, and thus classified the action as fundamentally civil in nature. Id. Such is not the case here.
¶ 7 Because we conclude this action is criminal in nature, we apply the deadlines for appeal provided by the Arizona Rules of Criminal Procedure. See Ariz. R. Crim. P. 1.1.[2] Under those rules, a notice of appeal from a judgment or order other than a conviction and sentence "must be filed no later than 20 days after entry of the judgment or order." Ariz. R. Crim. P. 31.2(a)(2). The court's order denying Perry's application to restore his right to possess firearms was entered on August 15, 2017, and Perry did not file his notice of appeal until November 17, well beyond the twenty-day period.[3]
Disposition
¶ 8 Because we lack jurisdiction to consider an untimely appeal, State v. Limon , 229 Ariz. 22, ¶ 3, 270 P.3d 849 (App. 2011), we dismiss Perry's appeal.

The state has not filed an answering brief in this appeal.

Even were we to treat this as a civil proceeding, Perry's notice of appeal would still be untimely. See Ariz. R. Civ. App. P. 9.

On August 31, Perry filed a letter explaining why he believed his right to possess firearms should be restored, which the trial court treated as a motion for reconsideration and denied. This motion did not extend the time to appeal. See State v. Limon , 229 Ariz. 22, ¶ 6, 270 P.3d 849 (App. 2011). It likewise would not have extended the time for appeal if this were a civil proceeding. See Ariz. R. Civ. P. 7.1(e)(3).