IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

BRADLEY CRAIN, *Appellee*.

No. 1 CA-CR 21-0360
FILED 6-9-2022

Appeal from the Superior Court in Maricopa County
No.  CR2012-142875-001
The Honorable Roger L. Hartsell, Judge *Pro Tempore*

**DISMISSED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Peter J. Christensen
*Counsel for Appellant*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellee*

---

**OPINION**

Judge Randall M. Howe delivered the opinion of the court, in which Presiding Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

---

**H O W E**, Judge:

**¶1**         Defendant Bradley Crain was convicted of three counts of attempted sexual exploitation of a minor. The court sentenced him to a seven-year prison term for one count and to lifetime probation on the two other counts. Two years after Crain was released from prison, he violated his probation, and the court revoked it, sentencing him to two presumptive concurrent terms of 10 years' imprisonment. The State did not object at sentencing, but one day before the 60-day deadline under Arizona Rule of Criminal Procedure ("Rule") 24.3, the State moved to modify the sentence, arguing that the sentence was illegal because the terms should be consecutive. The court denied the motion the following day. The State appealed that ruling under A.R.S. §§ 13–4032(4), allowing the State to appeal an order that affects that State's substantial rights, and –4032(5), allowing the State to appeal an illegal sentence. Crain argues that we lack jurisdiction to consider this appeal because the State appealed more than 20 days after sentencing, Rule 24.3 does not extend this timeframe, and the denial of the Rule 24.3 motion did not affect the State's substantial rights.

**¶2**         We agree that this court lacks jurisdiction over this appeal because although the State timely moved under Rule 24.3, its subsequent appeal was not authorized under either statutory provision. The State missed its chance to directly appeal the sentence under A.R.S. § 13–4032(5) because it appealed more than 20 days after sentencing. And the State could not appeal the denial of the State's motion to modify under A.R.S. § 13–4032(4) because the denial did not modify the underlying sentence. We therefore dismiss this appeal.

**FACTS AND PROCEDURAL HISTORY**

**¶3**         In 2012, Crain possessed child pornography. The State indicted him on 10 counts of sexual exploitation of a minor, each a class 2 felony and dangerous crime against children. In 2013, he pled guilty to three counts of attempted sexual exploitation of a minor, each a class 3 felony and

a dangerous crime against children. On count 1, the court sentenced him to a term of seven years' imprisonment, with 204 days incarceration credit, to begin December 19, 2013. On counts 2 and 3, the court imposed concurrent lifetime probation upon release from prison.

¶4          Crain was released from prison and began probation in May 2019. In May 2021, the Adult Probation Department ("APD") petitioned to revoke his probation for violating its terms, which Crain admitted. As a result, the trial court revoked his probation on counts 2 and 3 and sentenced him to two presumptive concurrent terms of 10 years' imprisonment on June 21, 2021. The State did not appeal the sentences. Nearly two months later, on August 18, 2021, the State moved to modify Crain's sentences under Rule 24.3. The State argued that his sentences were unlawful because A.R.S. § 13–705(N) required that the sentences be served consecutively. The State supplemented its motion the following day asking the court to expedite the ruling because the Rule's 60-day period would expire on August 21. The court held a hearing on August 20 and denied the motion, ruling that (1) Crain pled guilty to attempted sexual exploitation of a minor, which does not require consecutive sentencing, and (2) the State was present for that sentencing and did not request modification earlier. The State filed its notice of appeal on August 26, 2021.

## DISCUSSION

¶5          The State argues that the court erred in finding that A.R.S. § 13–705 does not require consecutive sentencing for the crime of attempted sexual exploitation of a minor. Crain argues that this court cannot resolve this issue because the State did not appeal the sentence within 20 days, and Rule 24.3(c)(1) does not allow the State to circumvent this timeframe by appealing the denial of its motion to modify the sentence because the denial did not affect the State's substantial rights. We review appellate jurisdiction and the interpretation of statutes and court rules de novo. *State v. Bryant*, 219 Ariz. 514, 516 ¶ 4 (App. 2008); *Cranmer v. State*, 204 Ariz. 299, 301 ¶ 8 (App. 2003). "Our jurisdiction is prescribed by statute and we have no authority to entertain an appeal over which we do not have jurisdiction." *State v. Reyes*, 238 Ariz. 304, 306 ¶ 6 (App. 2015) (quoting *State v. Limon*, 229 Ariz. 22, 23 ¶ 3 (App. 2011)).

¶6          This court does not have jurisdiction over this appeal. A sentence's illegality should be brought to the trial court's attention as soon as possible. *State v. Vargas-Burgos*, 162 Ariz. 325, 327 (App. 1989). While a Rule 24.3 motion is a proper way to call attention to the trial court's error, *Dawson*, 164 Ariz. at 281 n.1, the State's ability to appeal from a ruling is

limited by A.R.S. § 13–4032 and the 20-day timeframe under Rule 31.2(a)(2). Here, the State appealed from "[a]n order made after judgment affecting the substantial rights of the state" and "[a] sentence on the grounds that it is illegal." A.R.S. § 13–4032(4), (5). Neither apply here. The State's appeal was not proper under A.R.S. § 13–4032(5) because the State did not directly appeal Crain's sentence timely, *cf. State v. Brock*, 248 Ariz. 583, 588 ¶ 9 (App. 2020) (State timely appealed defendant's sentence). Instead, the State first moved to modify Crain's sentence 59 days after sentencing and then appealed the order denying that motion. This was well past the 20-day timeframe under Rule 31.2(a)(2)(A). Thus, this court does not have jurisdiction under A.R.S. § 13–4032(5).

¶7        We also do not have jurisdiction under A.R.S. § 13–4032(4). The State could appeal only if the court modified the sentence on the defendant's motion or on its own motion. *See State v. Serrano*, 234 Ariz. 491, 495–96 ¶¶ 11, 16 (App. 2014) (court has authority to modify sentence if illegal); *State v. House*, 169 Ariz. 572, 573 (App. 1991) (State appealed from a grant of defendant's Rule 24.3 motion). This prevents the State from receiving "two bites at the apple" after missing its initial chance to appeal the sentence. Although the State properly moved to modify Crain's sentence within 60 days, *see* Rule 24.3(a), an order denying a Rule 24.3 motion does not modify the sentence and in turn does not affect the State's substantial rights, *see State v. Jimenez*, 188 Ariz. 342, 345 (App. 1996); *State v. Lambright*, 243 Ariz. 244, 248 ¶ 7 n.4 (App. 2017). A party may appeal a final decision under Rule 24.3(c) within 20 days, but that decision must "raise[] issues different from those that could have arisen from an appeal from an underlying judgment," *Jimenez*, 188 Ariz. at 345 (quoting *Arvizu v. Fernandez*, 183 Ariz. 224, 226–27 (App. 1995)), and affect that judgment, *Arvizu*, 183 Ariz. at 227. Here, the court's denial of the State's Rule 24.3 motion raised no new issue not already present in the original sentencing order and did not affect that order because Crain's sentence remained unmodified. Therefore, the denial of the motion was not appealable.

¶8        Rule 24.3 is a cognate of Arizona Rule of Civil Procedure ("Civil Rule") 60(b), which provides relief from a judgment or order. *Wynn*, 114 Ariz. at 563. Civil Rule 60(b) motions have similar limitations on appeal. A party may not use a Civil Rule 60(b) motion as a substitute for appeal, *Ariz. Prop. & Cas. Ins. Guar. Fund v. Lopez*, 177 Ariz. 1, 3 (App. 1993), or to circumvent statutory and rule deadlines where a circumstance—such as mistake, newly discovered evidence, or fraud—does not alter the judgment, *see Aloia v. Gore*, 252 Ariz. 548, 551–52 ¶¶ 12, 15 (App. 2022) (holding that a party could not use a Civil Rule 60(b)(1) motion to circumvent the Civil Rule 59 time limit where he did not have a reasonable excuse for his neglect,

inadvertence, or forgetfulness). The State cannot use a ruling on its Rule 24.3 motion to circumvent the 20-day appeal deadline from a sentence that the court has not modified. Thus, the State should not delay its motion or appeal if the court denies its motion. If the State wishes to challenge an illegally lenient sentence, as it wished to do here, it should have appealed within 20 days of sentencing. *See Bryant*, 219 Ariz. at 516 ¶ 7; *State v. Dawson*, 164 Ariz. 278, 285–86 (1990). Because neither statutory ground permitted the State's appeal, we do not have jurisdiction.

**¶9**      The State may be correct that Crain's sentence is illegal. *See* A.R.S. § 13–705(N) ("The sentence imposed on a person for any other dangerous crime against children in the first or second degree shall be consecutive to any other sentence imposed on the person at any time."); A.R.S. § 13–705(R)(1)(g) (sexual exploitation of a minor is a dangerous crime against children); A.R.S. § 13–705(P) (preparatory offenses are dangerous crimes against children in the second degree); *see also State v. Goddard*, 227 Ariz. 593, 594–95 (App. 2011) (affirming consecutive sentences for multiple attempted sexual conduct with a minor convictions, designated dangerous crimes against children under predecessor statute). We cannot, however, correct illegally lenient sentences absent proper appeals or cross-appeals. *Dawson*, 164 Ariz. at 286.

## CONCLUSION

**¶10**      For the foregoing reasons, we dismiss the appeal.

