NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSE ISRAEL ROMAN, *Appellant.*

No. 1 CA-CR 22-0041
FILED 10-20-2022

Appeal from the Superior Court in Yuma County
No. S1400CR201901136
The Honorable Brandon S. Kinsey, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Amy M. Thorson
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Robert Trebilcock
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge Randall M. Howe joined.

_____

**W I L L I A M S**, Judge:

¶1        Jose Israel Roman appeals his convictions and sentences for possession of dangerous drugs and possession of drug paraphernalia. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        In 2019, Yuma police responded to a 911 call about a man chasing a woman in the parking lot of a long-term care facility. When police arrived, the reporting party informed that the man was down the street. Police found Roman, who matched the suspect's description, standing outside of a nearby house. When asked, Roman acknowledged he had been at the care facility, but refused to answer any more questions and refused to give police his name or date of birth. Police arrested Roman for refusing to provide his name. A.R.S. § 13-2412(A).

¶3        Officers searched Roman at the police station and found a plastic baggie of methamphetamine in his shirt pocket. The State charged Roman with possession of a dangerous drug, a class 4 felony, and possession of drug paraphernalia, a class 6 felony.

¶4        Before trial, Roman moved to suppress any evidence of drugs arguing he was unlawfully arrested. The court denied his motion. When Roman failed to appear for trial, he was tried in absentia and a jury convicted him as charged.

¶5        Roman was located and arrested nearly three months later. The court scheduled sentencing for the following month, but when Roman claimed to have been present for trial, his counsel moved the court for a mental health evaluation before sentencing. Ariz. R. Crim. P. 26.5. The court granted the request but ordered a Rule 11 preliminary competency evaluation rather than the requested Rule 26.5 mental health evaluation. Less than two weeks later, Roman's counsel withdrew the request when Roman "informed counsel he knows he wasn't at trial and was just bluffing for the judge."

**¶6** The trial court sentenced Roman as a category three repetitive offender to presumptive terms of 10 years imprisonment on the class 4 felony, and 3.75 years imprisonment on the class 6 felony, to run concurrent with each other. Roman did not appeal his convictions or sentences.

**¶7** Unaware that Roman had withdrawn his evaluation request, the court-ordered psychologist conducted a Rule 11 competency evaluation of Roman just 9 days before sentencing and issued her report 4 days after sentencing. The psychologist opined that Roman was "Not Competent but Restorable within statutory timeline."

**¶8** Once Roman received the report, he timely moved to vacate the judgment against him "on the basis of newly discovered material facts" related to his competency. Ariz. R. Crim. P. 24.2. The trial court denied his motion. Roman now appeals.

## DISCUSSION

**¶9** Roman raises multiple issues on appeal, including allegations that (1) his Rule 8 speedy trial right was violated and (2) the trial court erred in denying his suppression motion. But Roman did not appeal either issue within 20 days of sentencing.[1] Ariz. Crim. P. 31.2(a)(2)(A). This court, therefore, lacks jurisdiction to review the merits of his appeal on those issues. *State v. Limon*, 229 Ariz. 22, 23, ¶ 3 (App. 2011) ("When a notice of appeal is untimely, we lack jurisdiction over the appeal.").

**¶10** Rule 24.2, however, affords a defendant up to 60 days after pronouncement of sentence to move the trial court to vacate the judgment and sentence on grounds that, *inter alia*, "newly discovered material facts exist" that probably would have changed the judgment or sentence. *See also* Ariz. R. Crim. P. 32.1(e). Roman timely moved the trial court to vacate his judgment and sentences, and when the court declined, Roman timely appealed from that denial. Ariz. R. Crim. P. 24.2(d). We, therefore, have jurisdiction over Roman's appeal from the trial court's denial of his motion to vacate judgment pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-120.21(A)(1).

**¶11** Roman contends the trial court should have vacated his judgment and sentences based upon the psychologist's opinion that Roman was not competent (though restorable). In the alternative, he contends that

---

[1] The trial court incorrectly advised Roman that he had 30 days to appeal his convictions and sentences. Regardless, Roman failed to file a notice of appeal within that timeframe.

the trial court should have held a Rule 11 competency hearing before denying his motion.

¶12        We review the denial of a motion to vacate judgment for an abuse of discretion. *State v. Parker*, 231 Ariz. 391, 408, ¶ 78 (2013). A motion to vacate based upon newly discovered evidence is appropriate when:

> (1) the newly discovered evidence is material; (2) the evidence was discovered after trial; (3) due diligence was exercised in discovering the material facts; (4) the evidence is not merely cumulative or impeaching, unless the impeachment evidence substantially undermines testimony that was of critical significance at trial; and (5) the new evidence, if introduced, would probably change the verdict or sentence in a new trial.

*Id.* (citation omitted); Ariz. R. Crim. P. 24.2(a)(2); Ariz. R. Crim. P. 32.1(e).

¶13        The psychologist evaluated Roman in December 2021—5 months after Roman was tried in absentia.  The psychologist did not opine whether Roman was competent (or incompetent) 5 months earlier. Because the trial court was not presented any newly discovered evidence regarding Roman's competency at the time of trial, we cannot say it abused its discretion in refusing to vacate Roman's judgment and sentences based upon the Rule 11 report. *See State v. Mendoza-Tapia*, 229 Ariz. 224, 231-32, ¶ 25 (App. 2012) (holding a finding of a defendant's incompetence after conviction was not reasonable ground to doubt his competency during trial); *see also Bishop v. Superior Court, In & For Pima Cnty.*, 150 Ariz. 404, 409 (1986) (holding that a trial court is not bound by the opinions of health experts it appoints and may disagree with their findings because the "determination of both fact and law is [the court's]").

¶14        Lastly, Roman argues that Rule 11.5 and A.R.S. § 13-4510(A) required the trial court to hold a competency hearing within 30 days of receipt of the Rule 11 report. However, the purpose of that hearing would be "to determine a defendant's competency *to stand trial*." § 13-4510(A). (Emphasis added). Since Roman's trial had concluded months before the court ordered or received the Rule 11 report—saying nothing of the fact that Roman withdrew his mental health evaluation request altogether—the court did not abuse its discretion in refusing to hold the hearing. On this record, Roman has shown no error.

**CONCLUSION**

¶15 For the foregoing reasons, we affirm the trial court's denial of Roman's motion to vacate judgment. Roman's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA