NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CHRISTOPHER SHAY DAVIS, *Petitioner*.

No. 1 CA-CR 24-0348 PRPC

FILED 04-15-2025

Petition for Review from the Superior Court in Maricopa County
No. CR2018-001126-001
The Honorable Laura Johnson Giaquinto, Commissioner

**REVIEW DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Douglas Gerlach
*Counsel for Respondent*

Christopher Shay Davis, San Luis
*Petitioner*

---

**MEMORANDUM DECISION**

Vice Chief Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Andrew M. Jacobs joined.

---

**H O W E,** Judge:

**¶1** Christopher Shay Davis petitions this Court for review from the dismissal of his Arizona Rule of Criminal Procedure 32 petition for post-conviction relief. We deny review because Davis's petition for review was untimely and not granted an extension of time.

**¶2** The superior court denied Davis's petition for post-conviction relief on March 4, 2024. On March 27, 2024, Davis filed a "notice of filing petition of review" that informed solely of his intention to file a petition for review.

**¶3** On April 3, 2024, Davis moved the superior court for an extension of time to petition this Court for review, *see* Ariz. R. Crim. P. 32.16(a)(4)(A), which the court summarily denied on April 12, 2024. Davis moved for reconsideration of this denial on May 7, 2024, which the court also denied on June 12, 2024.

**¶4** Davis filed his petition for review with this Court on June 24, 2024. In his petition, Davis does not argue that the superior court abused its discretion by denying his motions for extension of time and for reconsideration. The State argues Davis's petition is untimely because it was filed 104 days after the superior court denied his petition for post-conviction relief. *See* Ariz. R. Crim. P. 32.16(a)(1). Davis again does not discuss the timeliness issue in his reply.

**¶5** A defendant may petition this Court for review of the superior court's denial of a petition for post-conviction relief "[n]o later than 30 days after the entry of the trial court's final decision on a petition or a motion." Ariz. R. Crim. P. 32.16(a)(1). "The Arizona Rules of Criminal Procedure, unlike the Rules of Civil Appellate Procedure, do not provide that certain motions extend the time for filing an appeal." *State v. Limon*, 229 Ariz. 22, 23 ¶ 6 (App. 2011); *see also State v. Perry*, 245 Ariz. 310, 312 ¶ 7 n.3 (App. 2018) (motion for reconsideration does not extend filing deadline).

**¶6** As noted, Davis's petition for review was filed 104 days after the superior court denied his petition for post-conviction relief, long after the thirty-day deadline for filing a petition with this Court. *See* Ariz. R. Crim. P. 32.16(a)(1). And in neither his petition nor his reply does he argue that the superior court abused its discretion by denying his motions for extension of time and reconsideration or otherwise explain the untimeliness of his petition.

**¶7** Accordingly, we deny review.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR

3